(8 App. Div. 464)

### PEOPLE ex rel. GARRETT v. OGDEN.

(Supreme Court, Appellate Division, Fourth Department. July 30, 1896.)

BASTARDY—PROCEEDING BY ONE OF TWO OVERSEERS.

 Code Cr. Proc. § 840, which provides that a bastardy proceeding may be instituted by "a superintendent * * * or an overseer of the poor, or other officer of the almshouse," authorizes one of two overseers of the poor of a town, without consulting the other, to institute a bastardy proceeding.

Appeal from court of sessions, Monroe county.

Bastardy proceeding on the relation of Aaron Garrett, an overseer of the poor of the town of Greece, against Jansen D. Ogden. From an order affirming an order of filiation, defendant appeals. Affirmed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

John F. Kinney, for appellant.
John E. Robson, for respondent.

FOLLETT, J. The towns of this state may have one or two overseers of the poor, as the electors thereof shall determine. Gen. Laws, c. 20 (the Town Law) §§ 12, 18; 1 Rev. St. (9th Ed.) 727, 729. In 1894 the town of Greece, in the county of Monroe, had two overseers of the poor, and May 15, 1894, one of them applied, pursuant to section 840 of the Code of Criminal Procedure, to a justice of the peace of the town, to inquire who was the father of a child likely to be born a bastard, and chargeable to said town. The two overseers did not meet, and the application was the sole act of one of them. A warrant was issued, pursuant to section 841 of the Code of Criminal Procedure, on which the defendant was arrested, and thereupon another magistrate was associated, pursuant to section 843 of said Code, and they, after a trial, adjudged that the defendant was the father of the bastard, born May 24, 1894. The defendant appealed to the court of sessions, pursuant to section 861 of said Code, by which court the case was retried, and the order of filiation affirmed, and from this judgment the defendant appealed to this court, alleging two grounds of error: (1) That the magistrates and the court of sessions were without jurisdiction to try the defendant, because the application was made by but one of the overseers of the poor of the town, without consulting with the other overseer; (2) that the judgment is not, supported by the evidence.

In support of the first proposition we are referred to People v. Davis, 15 Hun, 209, and Burke v. Burpo, 75 Hun, 568, 27 N. Y. Supp. 684. The first case arose under section 5, tit. 6, c. 20, of the first part of the Revised Statutes, which provided:

"Sec. 5. If any woman shall be delivered of a bastard child, which shall be chargeable or likely to become chargeable to any county, city or town; or shall be pregnant of a child likely to be born a bastard, and to become chargeable to any county, city or town, the superintendents of the poor of the county, or

any of them, or the overseers of the poor of the town or city, or any of them, where such woman shall be, shall apply to some justice of the peace of the same county to make inquiry into the facts and circumstances of the case.",

In People v. Davis the judgment of the court of sessions reversing the order of filiation made by the magistrates was affirmed on the ground that the clerk of the board of charities of the city of Utica was without authority to institute the prosecution, and in the course of the opinion delivered it was incidentally said at page 211 that "the overseers of the poor of the town or city where the woman pregnant of such child shall be shall apply to some justice of the peace to make inquiry." The question whether one of two overseers of the poor could apply was not before the court, and the writer of the opinion omitted to insert after the word "city" the words "or any of them," which are found in the section before quoted. Section 840 of the Code of Criminal Procedure is a substitute for this section of the Revised Statutes, which was repealed by chapter 593 of the Laws of 1886.

"Sec. 840. When bastard, chargeable to the public, is born, or is likely to be born, application to be made to a justice of the peace or police justice. If a woman be delivered of a bastard, or be pregnant of a child likely to be born such, and which is chargeable to a county, city or town, a superintendent of the poor of the county, or an overseer of the poor or other officer of the almshouse of the town or city where the woman is, must apply to a justice of the peace or police justice in the county to inquire into the facts of the case."

Burke v. Burpo arose under this section, and in the opinion delivered by one of the justices, but not concurred in by the others, it is said that such a prosecution must be instituted by all the overseers of the poor, and People v. Davis, supra, is referred to as an authority for the proposition, which is not in point, as has been stated. The section of the Criminal Code above quoted was not referred to in Burke v. Burpo, and the provision therein that such proceedings may be instituted by "an overseer of the poor" was not in the mind of the learned justice who wrote the opinion. It seems to me that under the Revised Statutes one of two overseers of the poor had authority, and that under the Code of Criminal Procedure one of two overseers of the poor has authority, to institute such proceedings, and that such is the clear intent of the lawmaking power as expressed in the Revised Statutes and in the Code of Criminal Procedure. The word "an," as used in the section, points out one of a class of officers, and does not embrace all of the class. The original meaning of the word was "one," and it is seldom used to denote plurality. The term "an overseer" cannot be construed to embrace all of the overseers of the poor of the town.

The rule that when two or more officers constitute a board or a body, upon which power is conferred to do some act, all of the members must act or have an opportunity for acting, has no application to this case, because the power to institute such proceedings is not conferred upon the board of overseers of the poor of the town, for there is no such board, nor upon all of the overseers of the poor, but upon "an overseer," one of the overseers of the poor of the town. The term "an overseer" is the equivalent of

either or of any of the overseers of the poor of the town. It follows that one overseer of the poor of the town may, without consulting with the other overseer, if there be two, institute such proceedings, and that this proceeding was legally begun.

The issue of fact in this case was sharply contested, and it turned, as in all such cases, upon which should be believed, the mother or the alleged father. Two courts who heard the parties testify have believed the mother, and I do not see, under the rules governing the review of issues of fact in this court, how the decision can be disturbed.

The judgment should be affirmed, with costs. All concur.