### DE JONG v. COUCH.

(Supreme Court, Appellate Division, Second Department. June 21, 1898.)

1. VENDOR AND PURCHASER—RECOVERY OF MONEY PAID.
    Where a vendor of a building agrees, as part of the contract, to procure an assignment of a lease from the owner of the land on which it is located, containing an option of purchase, which he is unable to do, it is not a condition precedent to the vendee's right to recover money paid that he tender the balance of the purchase price, since the vendor's inability to perform renders a tender unnecessary.

2. SAME—TENDER—NECESSITY.
    Where a vendor refuses to complete a contract of sale on demand, no tender of an unpaid balance of the price is necessary before a recovery of the amount paid can be had.

Appeal from trial term.

Action by Benjamin De Jong against Louis B. Couch. From a judgment in favor of plaintiff and an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, and HATCH, JJ.

Abram A. Demarest, for appellant.
William H. H. Ely, for respondent.

HATCH, J. The evidence given upon the trial authorized the jury to find that there was no breach of the contract upon the part of the plaintiff, and that he stood ready at all times to fulfill until there was a breach upon the part of the defendant. We must assume that the wife of the plaintiff went to the defendant and demanded that he procure Hart to execute the assignment, which, under the terms of the lease, it was essential that he should execute, and that the defendant then stated he was unable to procure the consent of Hart. The fair construction of the contract is that payment of the purchase price and the delivery of the papers were intended to be concurrent

acts; and if the plaintiff was at this time ready to pay, as the jury has found he was, it was incumbent upon the defendant to deliver such papers as the contract contemplated should be delivered.    Inability upon his part to deliver such papers constituted a refusal to fulfill, and the plaintiff was not bound, in order to work a default, to then produce the money and make a formal tender.    The defendant had already refused to carry out the terms of the contract, and an act of tender, under such circumstances, would constitute an idle ceremony. Such ceremony the law does not require.    Ziehen v. Smith, 148 N. Y. 558, 42 N. E. 1080.

It is claimed, however, that Hart's consent to the assignment was not necessary, as he had recognized the defendant as his tenant, and had thereby nullified the clause in the lease requiring consent before assignment.    No such question was raised below, and such was not the theory of the defense.    If, however, we now assume such fact, and that the defendant might have vested in the plaintiff good title without the intervention of Hart, the defendant is not thereby aided. When the demand was made for a fulfillment of the contract, he not only confessed to an inability to procure Hart's consent, but he made no effort to execute upon his own part.    His attitude was one of refusal, not only as to Hart's action, but also his own.    Consequently, in either aspect, he was guilty of a breach.

The evidence upon the trial was conflicting and quite irreconcilable. If the defendant's version had been accepted, there was no breach. The court, however, fairly and correctly submitted the questions involved, and the plaintiff had the verdict.    The effect of this was to establish plaintiff's right to recover the sum he had paid upon the contract.

The judgment should therefore be affirmed.

Judgment and order affirmed, with costs.    All concur.