COMMISSIONER OF PUBLIC CHARITIES OF CITY OF NEW YORK
v. VASSIE.

(Supreme Court, Appellate Division, Second Department.  April 1, 1915.)

1. PAUPERS ⊛⟶21—SETTLEMENT OF MOTHER—JURISDICTION OF COURT.
   Under Poor Law (Consol. Laws, c. 42) § 62, providing that the mother of a bastard, unable to support herself and the child, shall be supported as other poor, where the child was born in Kings county, and the mother had not lived in New Jersey for more than six months when bastardy proceedings were begun, her settlement is in Kings county, and gives the Court of Special Sessions of the City of New York, at the instance of the Commissioner of Public Charities, under section 40, jurisdiction to make an order of filiation.
   [Ed. Note.—For other cases, see Paupers, Cent. Dig. §§ 97–104; Dec. Dig. ⊛⟶21.]

2. BASTARDS ⊛⟶65—PATERNITY—SUFFICIENCY OF EVIDENCE.
   In bastardy proceedings, evidence *held* sufficient to show that defendant was father of plaintiff's illegitimate child.
   [Ed. Note.—For other cases, see Bastards, Cent. Dig. §§ 154, 175–177; Dec. Dig. ⊛⟶65.]

3. BASTARDS ⊛⟶65—PROCEEDINGS FOR SUPPORT—NECESSITY FOR CORROBORATION OF COMPLAINANT.
   In bastardy proceedings, there is no necessity that the testimony of the plaintiff be corroborated.
   [Ed. Note.—For other cases, see Bastards, Cent. Dig. §§ 154, 175–177; Dec. Dig. ⊛⟶65.]

Appeal from Court of Special Sessions of City of New York.

Bastardy proceedings by the Commissioner of Public Charities of the City of New York, on complaint of Rose Dziobko, against Alexander Vassie.  From an order of filiation, defendant appeals.  Affirmed.

Argued before JENKS, P. J., and BURR, CARR, RICH, and PUTNAM, JJ.

Joseph F. Conran, of Brooklyn, for appellant.
Herman Stiefel, of New York City, for respondent.

PER CURIAM.  [1] The age of the complainant does not appear. But the proof is sufficient to show her settlement in Kings county when the bastard was born therein.  Section 893, Code of Criminal Procedure; section 40, Poor Law.  And as her residence in New Jersey had not been for a period longer than six months when these proceedings were begun, her settlement was then in the said county.  Id. Therefore we think that the court had jurisdiction.  Section 62, Poor Law.

[2] The complainant was a domestic servant in the house of the defendant's sister, and the defendant lived in that house.  The complainant testifies that some time after 11 p. m. of July 19, 1913, the defendant came to her bedroom and there and then had intercourse with her.  The defendant denies intercourse at any time.  He offered proof by his own testimony, and that of his sister and her visitors, that the complainant was absent over that night on a visit to her sister in New

⊛⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Jersey and did not return until the following day. These witnesses single out the said July 19th by the circumstance that there were celebrations of birthdays in the family on the 18th and 19th of said July, respectively, but the mere fact of such celebrations did not necessarily point to the absence of the complainant, and the court was not satisfied by that proof. On the other hand, the defendant admits that he was present in the house at or about the time of the alleged intercourse.

The complainant testifies that, when she told the defendant that she was big with child, she said, "You were with me; what are you going to do, marry me?" He answered, "No;" and she then said, "I am going to arrest you;" and he said, "All right; you can arrest me." When defendant's attention was called to this testimony, he admitted that the complainant told him he would "have to marry her," that he said he would not marry her, but testifies that he had no idea at the time why she should ask him to marry, *and he did not ask*. To a man entirely innocent, it would seem strange, not alone that the woman would ask the man to marry her, but also that this woman, of lower station in life, would maintain that he must do so. If he had no idea at the time why she should do this thing, it taxes credulity that he did not make some inquiry of her.

[3] No corroboration of the plaintiff was necessary. People ex rel. Kenfield v. Lyon, 83 Hun, 303, 31 N. Y. Supp. 942; People ex rel. Chichester v. Jewel, 32 App. Div. 625, 52 N. Y. Supp. 418. We see no reason why we should disturb the finding of the court upon the facts. People ex rel. Garrett v. Ogden, 8 App. Div. 464, 40 N. Y. Supp. 827.

The order is affirmed, with costs.