COURT OF SPECIAL SESSIONS — CITY OF NEW YORK — APPELLATE PART — FIRST JUDICIAL DEPARTMENT.

April 10, 1923.

## THE PEOPLE v. FRANK CONESE.

APPEAL—APPELLATE COURT NOT TO SUBSTITUTE ITS OWN JUDGMENT FOR THAT OF TRIAL COURT.

It is not the province of the appellate court to substitute its own judgment on the facts for that of the trial court unless the weight of evidence clearly predominates and balances the scales of justice the other way.

APPEAL from a judgment of conviction on a charge of disorderly conduct tending to a breach of the peace, and a sentence of five months and twenty-nine days' imprisonment in the workhouse of the City of New York, after trial had in a City Magistrate's Court, Tenth District, Borough of Manhattan, on December 31, 1922.

Before Hons. CLARENCE EDWARDS, Presiding Justice; FREDERIC KERNOCHAN and JOHN J. FRESCHI, Justices.

Appearances:

*Ferme & Carretta* (by *Mr. Ferme,* of counsel), for the appellant.

*Joab H. Banton, District Attorney* (by *Mr. Edwin P. Kilroe,* of counsel), for the respondent.

FRESCHI, J.:

Aside from my own opinion and from what my verdict would have been under the circumstances, I must adhere to the prin-

ciple that it is not the province of the appellate court to sub-
stitute its own judgment on the facts for that of the trial court
unless the weight of evidence clearly preponderates and bal-
ances the scales of justice the other way.    Mere difference of
opinion regarding the weight of evidence is not sufficient to
justify a reversal of a determination made by the trial court.
(People ex rel. Garrett v. Ogden, 8 App. Div. 464, 467;
Palmer v. Ward, 91 App. Div. 449, 455; Slayback v. Raymond,
93 App. Div. 326, 329; Lowery et al. v. Erskine, 113 N. Y
52, 55; Aldridge v. Aldridge, 120 N. Y. 614, 617.)    There is
some evidence in this record to sustain the adjudication of the
city magistrate that the defendant, while in the custody of the
police officer, used abusive language and threatened the com-
plainant, the wife of the defendant; but I cannot refrain from
stating the undisputed fact that the prosecutrix, without provo-
cation and justification, induced the arresting officer to go to the
home of defendant's mother by falsely and no doubt wickedly
representing that there had been some trouble at that house,
where the officer admits he found none.    On the contrary, he
has stated that he saw a New Year's party being peacefully
held there.    Whatever dispute and disorder followed was
caused, I am satisfied, by the reprehensible conduct of this
complainant, who had no business at that place.    Upon reach-
ing the apartment, the officer knocked at the door and was
invited to enter, when the defendant and his family assaulted
the complainant after learning the purpose of this unexpected
visit.    The defendant was well within his rights to inquire at
the time whether the policeman had a warrant and to request
him to leave upon his failure to show any right or authority
for his presence in the premises.    Up to this point there had
been no infraction of the law by the defendant (People v.
Hochstim, 36 Misc. 562), and the policeman should have left
at once without further ado, and in all probability would have
left had it not been for the behavior of the defendant, who,
according to the testimony of the officer which the magistrate

had seen fit to accept, pushed the officer before he actually refused to leave or had a reasonable opportunity to do so. In that case such force may be employed as is necessary to eject one. There was a disputed question of fact whether the officer was inside or outside the apartment at the time the defendant laid hands against him, the claim of the officer being that while outside the door, and after the defendant had pushed him, he thereupon placed him under arrest. A general fight then occurred, and while the officer was proceeding downstairs with his prisoner, the conduct complained of took place, i.e., the defendant struck his wife. There was unquestionably much excitement at the time, due to the provoking conduct of the complainant, which was conducive to anything but calm and better judgment. It seems clear to me that whether the arrest was warranted or not, there was no justification in law for what the defendant did or said to his wife thereafter and while in custody. However, under all the circumstances, I am convinced that the sentence of five months and twenty-nine days' imprisonment in the workhouse of the City of New York is excessive for the reasons I have stated, and especially in view of the youth of the defendant and of the fact that no criminal record was shown against the defendant. The sentence should be modified to the time actually served.

Judgment of conviction modified accordingly and bail exonerated.

Opinion by FRESCHI, J. All concur.