ELIZABETH BACHAND et al., Respondents, *v.* DANIEL REEVES, INC., Appellant, Impleaded with Others.

180

Submitted October 24, 1938; decided November 29, 1938.

*H. Bradley Moore* for appellant. The plaintiffs failed to prove that the injuries alleged to have been sustained were either wholly or in part caused by the negligence of the defendant appellant. (*Searles* v. *Manhattan Ry. Co.*, 101 N. Y. 661; *Digelormo* v. *Weil*, 260 N. Y. 192; *Ruback* v. *McCleary, Wallin & Crouse*, 220 N. Y. 188; *Laidlaw* v. *Sage*, 158 N. Y. 73; *Ruppert* v. *Brooklyn Heights R. R. Co.*, 154 N. Y. 90.)

*Isidore Siegeltuch, Myron Butler* and *Nathan F. Lazarus* for respondents. The respondent Elizabeth Bachand was an invitee on the premises of the appellant and entitled to a reasonably safe place to transact her business; appellant was negligent as a matter of law in permitting the truckman to obstruct the floor by bringing into its small store heavy boxes of merchandise which were placed on the crowded floor at the direction of appellant's store manager. (*Higgins* v. *Ruppert*, 124 App. Div. 530; *Weiner* v. *Scherer*, 64 Misc. Rep. 82; *McNally* v. *Oakwood*, 210 App. Div. 612; 240 N. Y. 600; *Wentz* v. *Newberry Co.*, 152 Misc. Rep. 392.) The trial court committed no reversible error in not permitting the appellant to question a witness concerning a letter he wrote to the Motor Vehicle Commissioner, for the reason that the error was harmless and not prejudicial to appellant. (*Post* v. *Brooklyn Heights R. R. Co.*, 195 N. Y. 62.)

CRANE, Ch. J. The plaintiff Elizabeth Bachand and her husband sued the defendant for negligence in that while in the defendant's store, located at 44 West Fordham road, in the borough of the Bronx, city of New York, a box was dropped or fell on her foot. The defendant claimed that the accident was due to the negligence of a truckman delivering goods, not in the employ of the defendant. The recovery below was affirmed by a divided court.

The other defendants in the case were truckmen, and the question arising in the evidence is whether Thomas Kelly, one of these truckmen, in delivering goods at the store, carelessly dropped the package or box on the defendant's foot, or whether the boxes had been piled so near to the plaintiff by the direction of Reeves' manager that she hit them in turning around from the counter. The plaintiff testified that there were no boxes near her when she was at the counter at the rear of the store; that as she turned around she struck something and a box fell on her foot. If Tierney, Reeves' manager, told Kelly to put the boxes on the floor right behind the customer standing at the counter, and so near that she was apt to strike them in turning around, there would be a question for the jury as to the defendant's negligence. On the other hand, if the independent contractor, Kelly, in carting these goods from the warehouse to the defendant's store, carelessly let one fall as he was bringing them into the store, the defendant would not be liable, for it is evident from the testimony that the Kellys were cartmen or truckers, and not in the employ as servants or agents of the defendant Reeves.

The testimony supporting the plaintiff's version of the accident is very meagre. Mrs. Bachand testified: " I know I brushed something that was placed really in back of me. It was really in back of me because otherwise I could have turned without its striking me. * * * As the box fell on my foot, I looked up and I did see a

man about halfway to the door. I think he was going out." She did not see any boxes in the rear when she came in, but says there were quite a few boxes back of her at the time she was hurt.

Other witnesses for the plaintiff testified that at the time the plaintiff was hurt a man was within five or six feet of her, going out. Mrs. Catherine Gorman, a witness for the plaintiff, heard the plaintiff scream, turned around and saw the box on her foot. She was asked this question: "And did you notice how many boxes there were? A. I really had not. They were just piled practically up to our knee, knee-high. About the height of two ordinary boxes. About a foot or a foot and a half away from the counter."

The defendant Thomas Kelly was called by the defendant Reeves, and stated that he was delivering canned goods as a truckman from the warehouse at No. 44 West One Hundred and Forty-third street to the defendant Reeves' store on West Fordham road; that he was taking in packages of canned goods and assorted groceries, different kinds of packages. He said: "I was taking in the packages and the store was crowded and I was going to set down the packages when somebody bumped into me and the top case fell to the floor. I picked it up, put it back on the pile and went about bringing in more packages, and that is all I know. Q. When it slipped to the floor, did it strike the plaintiff's foot? A. That I couldn't tell you. I picked up the case that fell on the floor. Whether she bumped into the case, I don't know. It fell on the floor by the pile. I picked up the case, put it back on the pile, walked out and brought in more stuff." This witness had written the following letter to the Commissioner of Motor Vehicles in making his report of the accident:

" COMMISSIONER OF MOTOR VEHICLES, Albany, N. Y.

" DEAR SIR: Relative to your communication of the 27th of November, in which you state that an Automobile

operated by me was involved in an accident on March 9th, 1934, at 44 West Fordham Road, N. Y., which resulted in injuries; I herewith inform you that the accident which occurred on said date did not involve an automobile at all.

" I was inside the store of the said address with two cases of goods and I was pushed by one of the customers and one of the cases fell out of my hand and struck one of the customer's feet.

" Yours truly,<br>" THOMAS KELLY."

The counsel for Reeves on the trial asked of Thomas Kelly the following: " Q. Did you ever give anyone a different explanation as to how this accident occurred from that which you have given on the witness stand here today?  A. It is the same, so far as I can see.  Q. Is not it a fact that the explanation given in this letter to the Motor Vehicle Commissioner is slightly different [handing witness letter]? "  This was excluded by the court on the ground that the counsel was attempting to impeach his own witness.  It will be noted that Kelly in his testimony said that he did not know whether the plaintiff bumped into the case and could not say whether the case that he let fall struck the plaintiff's foot.  In this letter he states positively that all this did happen.  This was the vital point in the case, and the letter should have been received. No longer is it the law that a party may not contradict his own witness.  Section 343-a of the Civil Practice Act relating to impeachment of witnesses, added by Laws of 1936, chapter 191, and amended by Laws of 1937, chapter 307, permits the impeachment of one's own witness by a statement inconsistent with his testimony, provided the statement was made in any writing by him subscribed. Such an inconsistent statement was this letter, and, in view of the conflict in the testimony, and the meagre evidence sustaining the plaintiff's claim, we are of the opinion that it was error to exclude it.

For the reasons here stated, the judgment of the Appellate Division and that of the Trial Term should be reversed, and a new trial granted, with costs to abide the event.

LEHMAN, O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgments reversed, etc.