ROBERT LEWIS, Respondent, v. ALFRED M. RAU, Appellant, Impleaded with ROBERT CASSIDY, Defendant.

First Department, November 17, 1939.

*J. Austin Lyons* of counsel [*Phillips & Ahearn*, attorneys], for the appellant.

*Victor Deutsch* of counsel [*Aronsky & Aronsky*, attorneys], for the respondent.

CALLAHAN, J. Respondent has recovered a substantial verdict for damages for personal injuries alleged to have been sustained by him as a result of the appellant's negligence.

Appellant was the owner of premises 130 West Sixty-fourth street, borough of Manhattan, New York city, which was leased to defendant Cassidy, who conducted a rooming house therein.

Respondent's contention was that at the time appellant leased the premises to Cassidy the sash cord in a window in one of the

rooms was broken and the window was supported by a prop. This room Cassidy leased to one Cartwright, whom respondent was visiting at the time of the accident.

In substance the respondent's story was that he leaned out of the defective window in Cartwright's room, not knowing of its condition. He said that he did so in order to call down to Cassidy, who lived on a lower floor; that, when in the position indicated, the window fell, striking him on the back and propelling him out the window to the courtyard below. Respondent testified that his reason for calling down to Cassidy was that he wished to make an arrangement with him to rent a room for his family, which consisted of his wife and two children.

Appellant attempted to prove that at the time of the occurrence plaintiff was separated from his wife, who was endeavoring to secure support from him for the children. While respondent admitted he had not been living with his wife, he denied that they had been separated or that his wife had been trying to get support from him. Appellant called respondent's wife as a witness. She identified her signature to two letters which she had written to a a hospital where plaintiff was confined after the accident. One of these letters contained the following statement: "I am his wife and am trying to force him to support his two children." The other letter contained somewhat similar declarations.

Respondent's wife was asked the direct question as to whether she had been trying to force plaintiff to support her two children. When she answered "No," appellant offered her letters in evidence. They were excluded on respondent's objection, to which ruling appellant excepted.

We deem that the letters were competent under the provisions of section 343-a of the Civil Practice Act, which provides, in substance, that a party may introduce proof that his own witness had made a prior statement inconsistent with his or her testimony, providing that such prior inconsistent statement is in writing and subscribed by the witness. The error was substantial, for it left the jury unaware of the contents of the writing, the effect of which might have been to discredit the wife's testimony.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

MARTIN, P. J., TOWNLEY, UNTERMYER and COHN, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.