COMMISSIONER OF PUBLIC WELFARE OF THE CITY OF NEW YORK, on Complaint of AMELIA BARRETTA, Respondent, v. FRANK UNGER, Appellant.— In this filiation proceeding, in which the issues were sharply disputed, complainant testified that she had gone steadily with the defendant for three years and that the relationship ended abruptly on November 20 or 22, 1940, either of which dates she fixed as the date of the intercourse with defendant which caused her pregnancy. She claimed that the relationship first became illicit about the middle of October, 1940, and that in the last month there were three or four acts of intercourse between her and defendant. On the other hand, the defendant not only denied that he had ever had intercourse with the complainant but also asserted that the relationship between them had terminated in July, 1940. The testimony of complainant's sister, who testified on her behalf, and that of complainant's closest friend, who was called as a witness by defendant, tended to support defendant's contention that he had ceased going with complainant at least two months prior to the act of intercourse which was alleged to have resulted in conception. It may be seriously doubted that complainant sustained the burden of proof required

here, which goes beyond a mere preponderance of the evidence to the point of entire satisfaction. (*Drummond* v. *Dolan*, 155 App. Div. 449; *Commissioner of Public Welfare* [*McNamee*] v. *Ryan*, 238 id. 607; *Commissioner of Public Welfare, City of New York* v. *Kotel*, 256 id. 352.) In addition, the attitude of the trial court was such as to deter defendant's counsel from offering in evidence a written statement subscribed by the witness Olga Dell-Aquila, which was inconsistent with her testimony concerning complainant's relations with boys other than the defendant in the fall and winter of 1940, and which testimony tended to corroborate complainant's testimony that she had not gone out with other boys. In a case as close as the present one, where the material issues were seriously disputed, this statement could have properly been admitted for purposes of impeachment under the provisions of section 343-a of the Civil Practice Act. (*Bachand* v. *Reeves, Inc.*, 279 N. Y. 179.) The order of filiation of the Court of Special Sessions of the City of New York, Borough of Brooklyn, is reversed on the law and the facts and a new trial ordered. Hagarty, Adel and Close, JJ., concur; Lazansky, P. J., concurs in result; Carswell, J., dissents and votes to affirm the order.