Benjamin Gassman, J.
This case was originally tried before Justices Heller, Bossbagh and Schwartz and at the conclusion of the trial, an order was made by a majority of the court (Bossbagh, J., dissenting) on October 10, 1957, dismissing the complaint and denying an order of filiation. By notice of motion, dated February 3, 1958, the complainant, “ Margaret Nolan”*, moved for a new trial on the ground of newly discovered evidence. During the pendency of the motion, City Magistrate Hilda Schwartz, who sat by appointment at this trial, resigned, following her appointment as City Treasurer of the City of New York. By an order made by Chief Justice Cooper, dated June 13, 1958, I was designated one of the three Associate Justices to rule on the complainant’s motion. t
Justice Heller rendered a decision denying the motion, holding that such a motion could not be made by a complain ant,| but only by a defendant. Justice Bossbach rendered a decision granting the motion, holding that such motion could be made^ by an unsuccessful complainant.
I examined the testimony taken at the trial, consisting o|-225 pages. Had I been one of the Justices before whom this0 case was tried, I would have concurred in the decision madjg by the majority of the trial court. After reading the moving opposing and reply affidavits, I see no reason for changing my decision. ?
There are two questions presented on this motion: (l).Ms there any authority in law for a motion for a new trial byR ajg unsuccessful complainant in a filiation proceeding, based^gn newly discovered evidence? (2) Assuming that there is sijcA authority, is the proffered evidence of such a character as warrant a new trial? xoY
In New York City, a filiation proceeding is a civil proceeding quasi-criminal in nature. ‘ ‘ It is a unique proceeding in sogm respects resembling a civil action and in others a criminal *720 action ” (Schatkin, Disputed Paternity Proceedings [3d ed.], p. 68). In Duerr v. Wittmann (5 A D 2d 326, 329, 330) the Appellate Division, First Department, said: ‘ while some aspects of a filiation proceeding may be criminal in character, it is not a prosecution for the punishment of a crime. * * * The allegations need not be established beyond a reasonable doubt (Commissioner of Public Welfare v. Ryan, 238 App. Div. 607); corroboration of the mother’s' testimony is not required (Commissioner of Public Charities v. Vassie, 167 App. Div. 74); a defense of double jeopardy is unavailable (Hodson v. Hoff, 266 App. Div. 228, affd. 291 N. Y. 518). * * * In short, the filiation proceeding is not readily categorized as either a civil or a criminal action. It is a creature sui generis, to which special rules apply. * * * These special proceedings are governed by their own rules, separate and distinct from those generally applicable to civil and criminal actions.”
A filiation proceeding is not a criminal prosecution. It is a proceeding brought to enforce a statutory duty imposed upon the father of a natural child to whom the father, at common law, owed no duty (Commissioner of Public Welfare v. Koehler, 284 N. Y. 260). Such a proceeding may also be brought against both father and mother and liability may be apportioned between the two as the court, in its discretion, may deem proper (N. Y. City Crim. Cts. Act, § 73). To that extent, the mother may be a defendant.
While there is no express provision in the New York City Criminal Courts Act for a motion for a new trial by an unsuccessful complainant, I do not believe that our court is so impotent as to declare itself unable to grant a new trial on a complainant’s motion, if the court is convinced that the interests of justice would be served by such action. The fact that subdivision 7 of section 465 of the Code of Criminal Procedure gives the right to move for a new trial to a defendant only, does not change the situation, for it may well be held that under section 78 of the New York City Criminal Courts Act, the right of a complainant to so move has not been foreclosed. In section 78, it is provided that all provisions of the Penal Law or of the Code of Criminal Procedure or other statutes inconsistent with or repugnant to the provisions of article V of the New York City Criminal Courts Act are repealed by section 78 of that act. Unlike the provision in strictly criminal cases, which permits an appeal to be taken only by a defendant from a judgment of conviction and not by the People from a judgment of acquittal, section 76 of the New York City Criminal *721 Courts Act allows an- appeal — as a matter of right — to a complainant as well as to a defendant in a filiation proceeding. We must, therefore, conclude that the intent behind article V of that act was to permit motions for new trials by a complainant as well as by a defendant, and that any other holding would be repugnant to the spirit of the provisions of article V.
I therefore concur in so much of Justice Bossbach’s opinion as holds that in proper cases a motion for a new trial, on the ground of newly discovered evidence, may be made by an unsuccessful complainant. However, 1 do not believe that any useful purpose will be served by compelling the personal appearance of the “newly discovered witnesses” under subdivision 8 of section 31 of the act, as suggested by my learned colleague. I fully agree with that portion of Justice Helleb’s opinion which states that the “ newly discovered evidence ” would not change the result, because it falls far short of the standard of law justifying an order of filiation.
To warrant the granting of a new trial on the ground of newly discovered evidence, the evidence must be: (1) material; (2) not merely cumulative; (3) it must have been discovered since the trial; (4) the failure to produce it at the trial was not due to want of diligence; and (5) it must be of such a nature that in all probability it would produce a different result if a new trial is had. All of the foregoing five requirements must be present, else the motion must be denied.
As Mr. Schatkin points out in his work on Disputed Paternity Proceedings ([3d ed.], pp. 148-149): “The court will not adjudge the defendant to be the father of the child unless the proof measures up to the standard required by law (Comm. v. Rosato. 256 App. Div. 978). This standard is not that in civil actions, where a mere preponderance of the credible evidence is sufficient. Nor is the standard as rigorous as that in criminal actions, where proof of guilt beyond a reasonable doubt is demanded. The evidence in an affiliation case must be entirely satisfactory. An order of filiation will not be granted unless the complainant sustains the burden of proof ‘ which goes beyond a mere preponderance of the evidence to the point of entire satisfaction ’ (Comm. v. Unger, 264 App. Div. 894). * * * The evidence of defendant’s paternity must be clear and convincing. * * * If the evidence adduced in" behalf of the complainant fails to measure up to that standard, the complaint will be dismissed.”
I examined the entire record and reached the conclusion that even had the proffered evidence — now claimed to be “ newly discovered” — been produced at the trial, the result would *722 not have been different. The evidence failed to establish defendant’s paternity by clear and convincing proof to the point of “entire satisfaction.” The moving affidavits are contradicted by the answering affidavits. Where the “ newly discovered evidence ” is contradicted by opposing affidavits, and with the other evidence presents questions of fact which, in the judgment of the court, would not change the result, and the court is satisfied that the judgment is just, the motion for a new trial should be denied (People v. Stielow, 161 N. Y. S. 599). Evidence which merely contradicts or impeaches former evidence, even though the impeachment is successful, is not sufficient to warrant a new trial (People v. Burke, 141 Misc. 778, affd. 236 App. Div. 723). Such evidence is not newly discovered evidence (People v. Shepard, 142 N. Y. S. 2d 882).
The motion is accordingly denied.

 Fictitious names are substituted for the true names of parties herein) fit