the acceptance of the check, thus waiving any claim against the defendant. In *Joseph Mogul, Inc.* v. *C. Lewis Lavine, Inc.* (220 App. Div. 287, revd. 247 N. Y. 20 on other grounds), we recognized the law to be as stated in *Rathbun* but held that case inapplicable on the facts. If the present case were one of first impression we would be inclined to hold that the deposit by plaintiff of the check did not constitute a ratification so as to deprive plaintiff of the right to recover against defendant for the latter's breach of agreement. (See Ann. 15 A. L. R. 2d 812–819, particularly with respect to ratification.) However the principle involved in this case would appear to be the same as in *Rathbun* and since the latter apparently has not thus far been overruled, we consider it controlling. The complaint is therefore dismissed. Concur — Breitel, J. P., Rabin, M. M. Frank, Valente and McNally, JJ.

■ DEPARTMENT OF PUBLIC WELFARE OF THE CITY OF NEW YORK, Appellant, v. MARTIN JARCHO, Respondent.— Order unanimously affirmed, with costs to defendant-respondent. No opinion. Concur — Breitel, J. P., Rabin, M. M. Frank, Valente and McNally, JJ.

■ DEPARTMENT OF PUBLIC WELFARE OF THE CITY OF NEW YORK, Appellant, v. MARTIN JARCHO, Respondent.— Order affirmed, with costs to defendant-respondent. Concur — Breitel, J. P., Rabin, M. M. Frank and Valente, JJ.; McNally, J., dissents and votes to reverse and order a new trial for the reasons set forth in the opinion of ROSSBACH, J., at the Court of Special Sessions of the City of New York. [13 Misc 2d 718.]

■ MAX HIRSCHBERG, Respondent, v. DENLITT CONSTRUCTION CORP. et al., Appellants, et al., Defendant.— Judgment unanimously reversed upon the law, the facts not having been considered, and the complaint dismissed, with costs to the appellants. The record fails to establish negligence on the part of the defendants. The evidence of plaintiff's expert to the effect that the fire escape ladder was caused suddenly to drop by the defective construction of the grooves of the two metal brackets attached to the upper end of the ladder is unsupported by evidence of the manner of construction thereof or that it was not in accordance with the usual and customary method of constructing similar brackets. Accordingly, the plaintiff failed to make out a case of actionable negligence and the complaint is dismissed. Concur — Breitel, J. P., Rabin, M. M. Frank, Valente and McNally, JJ.

■ In the Matter of BERNHARLEE CORPORATION et al., Appellants, against WILLIAM E. BOYLAND et al., Constituting the Tax Commission of the City of New York, Respondents.— Order unanimously modified on the facts so as to fix the values for the properties designated as 28–30 (Lot 28) and 32–46 (Lot 62), West 23rd Street, Manhattan, for the tax years 1955–1956, 1956–1957 and 1957–1958 as follows: for Lot 28, Land $275,000, Building $555,000, Total $830,000; for Lot 62, Land — $575,000, Building $215,000, Total $790,000. As so modified, the order is affirmed, without costs. The values fixed by Special Term, on this record, are not justified. Settle order on notice. Concur — Botein, P. J., Breitel, Rabin, M. M. Frank and Stevens, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD C. DAVIS, Appellant.— Judgment unanimously affirmed. No opinion. Concur — Botein, P. J., Breitel, Rabin, M. M. Frank and Stevens, JJ.

■ EDMUND BAUM, Respondent, v. MITSUBISHI INTERNATIONAL CORPORATION, Appellant.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., M. M. Frank, Valente, McNally and Stevens, JJ.

■ In the Matter of GALUTEN BUILDING, INC., Appellant, against WILLIAM E. BOYLAND et al., Constituting the Tax Commission of the City of New York, Respondents.— Order so far as appealed from unanimously affirmed,