## (June 15, 1970)

■ In the Matter of ANNE "K"*, Respondent, v. RICHARD "L"*, Appellant.— *Per Curiam*. Appeal by the respondent from an order of filiation of the Albany County Family Court entered on January 31, 1969. The petitioner initiated the present proceeding to secure support for her male child born out of wedlock on July 30, 1968. In her bill of particulars she stated that her last menstruation prior to conception was October 6 to October 11, 1967 and she stated that she and respondent had sexual intercourse on " October 20, 1967, at 11:30 A.M. and 5:00 P.M." at a specific address and on "November 1, 1967" at the same address. Upon her direct examination and cross-examination at the trial the petitioner testified that she and respondent did have sexual intercourse "around the 20th, the day that he got out of * * * Hospital" and again about two weeks later. As to the October date, it became obvious on the trial that the petitioner was in error on the exact date. The respondent produced hospital records which showed that he was hospitalized on October 20 and released on October 21, 1967. A motion was made to amend the bill of particulars by petitioner's counsel whereupon the respondent's counsel requested additional time to prepare a defense. The court did not expressly grant the motion to amend or deny the request for an extension but simply reserved decision and about ten days later rendered a final decision on the merits. The respondent claimed to be surprised by the change in the October date, but all of the witnesses appeared to be uncertain as to dates. The court did not find that intercourse occurred on either of the alleged dates, but simply found the respondent to be the father. The court recites in its decision that both parties were examined before the court, but it is patent that the respondent did not testify and instead offered evidence tending to show that he could not have been with the petitioner on the dates in question. The decision of the trial court in favor of petitioner establishes that any issues of credibility were implicitly determined in her favor. Credibility having been determined in favor of the petitioner, her testimony as to the November incident remains without direct dispute by the respondent. The testimony as to his inability to have access to petitioner in November is qualified and at best circumstantial. He did not deny the accusations of the petitioner at the trial and, further, the record does not contain either a written or oral answer to the petition. The petitioner did

---

\* Fictitious names.

not produce any corroborative evidence to show even the slightest of intimacies or friendship between herself and respondent in and about the time of conception, but it is not essential that she should do so. (See *People* v. *Ruggiero,* 275 App. Div. 726, 727; *Commissioner of Public Charities of City of New York* [*Complaint of Dziobko*] v. *Vassie,* 167 App. Div. 74, 76.) In the present case the respondent did not dispute her allegations of regular sexual intercourse for a period of four months prior to the time of conception and the petitioner filed her petition promptly after the birth of her child. While the proof adduced might be sufficient to meet the requirement that the evidence be clear and convincing and entirely satisfactory, this court is unable to make such determination without adequate findings which will permit intelligent review. The decision of the Family Court in this case is grossly deficient. Accordingly, the determination of the appeal is withheld and the proceeding remitted to the Family Court of Albany County for the making of new or additional findings, which shall be made and the record thereof filed with the clerk of this court on or before June 19, 1970. Counsel for the respective parties may file supplemental briefs on or before June 25, 1970, if they be so advised. Herlihy, P. J., Aulisi, Staley, Jr., Cooke and Sweeney, JJ., concur in memorandum *Per Curiam.*