Arthur J. Abrams, J.
This article 4 proceeding was commenced by a 17-year-old female seeking support from the respondent, her purported father. Respondent moves to dismiss the petition on the basis that the court lacks the jurisdiction to order support.
*900 While perhaps not stated as clearly as the court might like, the gist of the respondent’s motion is that there has neither been a ceremonial marriage between the respondent and the petitioner’s mother, nor has there been an order, of filiation granted by any court of competent jurisdiction. For the purpose of this motion, we shall assume that the infant petitioner resided with the respondent and the petitioner’s mother from the time of her (the infant petitioner) birth to sometime in 1975, shortly before the infant petitioner attained the age of 17.
Prerequisites for a child to be supported by a man alleged to be its father are:
1. The entering into a ceremonial marriage, either valid or otherwise, by the child’s parents (see Family Ct. Act, § 417). No such allegation has been made herein.
2. The child is a stepchild of the respondent and is a recipient of public assistance or in the care of a person liable to become in need thereof, etc. (see Family Ct. Act, § 415). No allegation that respondent and petitioner’s mother are or were married has been made herein, thus, for the purposes of this motion the child herein cannot be respondent’s stepchild.
3. The establishment of filiation by a court of competent jurisdiction. This fact has neither been alleged nor established. Petitioner merely alleges that she has been supported for the period of her lifetime by the respondent. It should be noted that there is no common-law duty for a putitive father to render support for a natural child. (See Anonymous v Anonymous, 13 Misc 2d 718, sub nom Department of Public Welfare of City of NY v Jarcho affd 7 AD2d 979.) The significance of the support, assuming that the same could be established, would merely be to take the matter outside the Statute of Limitations.
For all of the aforesaid, the court has no recourse other than to dismiss this article 4 proceeding.