OPINION OF THE COURT
William J. Burke, J.
This is an appeal from an order of the Syracuse City Court (Bersani, J.) entered on January 31,1980, dismissing informations charging respondent with the crime of nonsupport of a child in violation of section 260.05 of the Penal Law.
The substance of the factual allegations of the instant informations indicate that the defendant failed to make certain support payments as ordered by the Family Court for two children who were born out of wedlock during the period of time from January 1, 1977 to April 30, 1979. The record reflects that as a result of paternity proceedings having been brought against the defendant, orders of filiation had been filed declaring the defendant to be the father of the two children named in the instant informations.
The decision of the lower court to dismiss these informations is clearly predicated upon that court’s opinion that a putative father is not a “parent” within the Penal Law definition of section 260.05. Moreover, it also appears that *902 in conjunction with that interpretation, the lower court additionally is of the opinion that a putative father is not a person charged with the care or custody of a child, within that same provision. The decision of the lower court is apparently based upon the decision of People v Fitzgerald (167 App Div 85), which concerned itself with the crime of “Abandonment” rather than “Non-Support”, as that crime relates to a putative father. The court in Fitzgerald (supra, p 87) stated: “We think the word ‘parent’ as used in the law in question, cannot be held to apply to the defendant. It will be noted that the act does not read ‘a parent or a person charged with the care or custody;’ it reads ‘a parent or other person charged with the care or custody.’ So a parent, to be held, must be a person charged with care and custody. The putative father is not charged with the care and custody of an illegitimate child by the mere fact of putative paternity. In the case at bar it is cleár that the defendant had neither the care nor custody of the child”.
The facts of Fitzgerald clearly established that the mother of the child had the custody of it since the child’s birth and that at no time did the defendant ever have control over the child. The court went on in Fitzgerald (supra, p 89) to define abandonment: “To make the act of abandonment possible, there must be either custody or control. Having been made distinguishable from a mere failure to provide, abandonment can, therefore, mean only one thing, namely, the physical act of leaving, with the intention not to return, that of which one has custody. * * * The evidence shows that the defendant did not have the custody of the child, and the cases indicate that he did not have control. The defendant is not within the classification of the statute. He did not commit the essential criminal act of abandonment.” (Emphasis added.) This court is of the opinion that Fitzgerald (167 App Div 85, supra) does not stand for the proposition that a putative father is not a “parent” within our Penal Law nonsupport statute (Penal Law, § 260.05). In Fitzgerald (supra) is was impossible to convict the defendant of the crime of abandonment when he was never charged with the custody of the child. The act of abandonment requires proof that the putative father had custody, and under the facts of that case he did not. Thus while custody is a pre *903 requisite to an abandonment, custody is not necessarily a prerequisite in fixing liability for support. However, the liability for the care of a child most certainly is a prerequisite in a nonsupport matter.
In fact, in looking to the subject statute it is interesting to note that our section 260.05 of the Penal Law does not require a duty of custody for a conviction of nonsupport, rather it requires “care” or “custody”.
Therefore, the decision of the court in Fitzgerald (supra) was a correct decision under the facts of that case as they relate to the crime charged therein. However, when the court in Fitzgerald said the law cannot apply to the defendant, it was not concerned with this defendant, or with this charge.
The object statute herein entitled nonsupport of a child (Penal Law, § 260.05) reads in part: “A person is guilty of non-support of a child when, being a parent, guardian or other person legally charged with the care or custody of a child less than sixteen years old, he fails or refuses without lawful excuse to provide support for such child when he is able to do so”. (Emphasis added.) Thus the first term requiring some study is that of “child”. While some would believe that the term “child” means only legitimate child as opposed to illegitimate child this court is of the opinion that the term “child” has its commonsense application and applies to all children regardless of the legal relationship of the mother and father at the time of their birth. The object of this instant statute was clearly to provide directly for unsupported children by fear of punishment, and this fear is directed toward the “parents” of children generally.
The Practice Commentary to section 260.05 of the Penal Law (McKinney’s Cons Laws of NY, Book 39, p 404) states that “practical experience has shown that penal sanctions serve a necessary function in this area as a deterrent and, occasionally, are the only effective means of dealing with the situation.” Thus the purpose of the statute is as applicable to an illegitimate child as to a legitimate child. In fact any different interpretation would lead to a denial of *904 the equal protection of law to a child who although born out of wedlock requires the same fundamental financial support to survive in our society today. Moreover any other interpretation would mean that the parent of a legitimate child would be subject to our Penal Law and the stigma of a criminal conviction, while the putative parent of an illegitimate child would not. To penalize the parent of a legitimate child as opposed to the parent of a child born out of wedlock hardly seems acceptable.
Relative to the term “parent” in the definition of the instant statute, this court is also of the opinion that the term “parent”, includes the parents of both legitimate and illegitimate children. In the instant case the defendant most certainly is the “parent” of these two children. The Family Court of this county entered orders of filiation against this defendant declaring the defendant the father of the children involved in the instant matter. In conjunction with this it must be remembered that a filiation proceeding is also a proceeding brought to enforce a statutory duty imposed upon a father of a natural child to whom the father at common law owed no duty. (See Anonymous v Anonymous, 13 Misc 2d 718.) Our Family Court Act in article 5 clearly imposes upon the putative father or mother the legal responsibility for the “care” of that child. Section 513 of the Family Court Act states in part that, “ [e] ach parent of a child born out of wedlock is liable for the necessary support and education of the child”.
Therefore, section 513 of the Family Court Act clearly places a legal duty upon a putative father to support a child born out of wedlock where none existed at common law. (See, also, Domestic Relations Law, § 33, subd 5.)
Our Penal Law requires further that the parent of the child be legally charged with “care or custody”. A putative father under our law is charged with the care of a child born out of wedlock. The Family Court Act in article 5 as stated earlier specifically concerns itself with paternity proceedings and states that each parent of a child born out of wedlock is liable for that child’s necessary support. In conclusion, therefore, this court is of the opinion that a putative father is a “parent” within the meaning of sec *905 tian 260.05 of the Penal Law, and that he is a person legally charged with the care of a child. Moreover, the court believes that the Penal Law of our State stands as a deterrent to those fathers who refuse to follow the mandates of the Family Court Act relative to their legal obligations to support their legitimate or illegitimate children.
The record in the instant case establishes that the defendant Phillip Little was the “parent” of the children born out of wedlock, and that he was and is specifically charged with the legal obligation to care for those children.
Therefore, the decision of the lower court is reversed and the order dismissing the accusatory instrument is vacated and the matter is remanded to the Syracuse City Court for further proceedings upon those accusatory instruments.