■ ISLAND PARK PLUMBING & HEATING CORP., Respondent, v LARMAR ESTATES, INC., Appellant, et al., Defendants. — In an action to foreclose a mechanic's lien, the appeal is from a judgment of the Supreme Court, Nassau County, entered October 2, 1979, which granted plaintiff the relief requested and dismissed appellant's counterclaim. By order dated May 27, 1980, this court affirmed the judgment as to the granting of relief to plaintiff, but remanded the case to Special Term for the purpose of making specific findings of fact with respect to the dismissal of the appellant's counterclaim; the appeal was held in abeyance in the interim with respect to said dismissal *(Island Park Plumbing & Heating Corp. v Larmar Estates,* 75 AD2d 885). Special Term has now complied. Judgment affirmed as to the dismissal of the counterclaim, without costs or disbursements. No opinion. Lazer, J.P., Gibbons, Rabin and O'Connor, JJ., concur.

■ CICERO JOHNSON, SR., as Administrator of the Estate of CICERO JOHNSON, JR., Deceased, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. — In a wrongful death action, defendant appeals from a judgment of the Supreme Court, Kings County, entered March 3, 1980, which was in favor of the plaintiff in the principal sum of $93,500, upon a jury verdict. Judgment reversed, on the law, and new trial granted, with costs to abide the event. In this action involving the death of an 11-year-old boy who was killed in a subway accident, the trial court refused to allow defense counsel to impeach a defense witness by introducing a signed prior inconsistent statement of the witness. The witness testified that he had not seen plaintiff's decedent hold on to or place his feet on the outside of the subway train. This was contrary to a signed statement he gave a transit authority investigator the day after the accident which was marked for identification at the trial. In the statement the witness said that "When the doors closed [plaintiff's decedent] put his left hand in between the closed doors and his right foot on the edge of the doorway". When defense counsel asked the witness, "did you tell anyone from the Transit Authority that you saw the boy hitch", the court sustained plaintiff's counsel's objection. Palpably, that question was an attempt to lay a foundation for the introduction of the inconsistent part of the prior written statement as impeachment evidence (see 3 Bender's NY Evidence, § 143.02, p 739; *Bachand v Reeves, Inc.,* 279 NY 179, 183). The error cannot be considered harmless under these circumstances. Therefore, a new trial is granted (see *Lewis v Rau,* 258 App Div 57, 58, mot for rearg den 258 App Div 876). Mollen, P.J., Hopkins, Lazer and Mangano, JJ., concur.