Rice v. Griffith.

## RICE v. GRIFFITH.

1. SETTING ASIDE A JUDGMENT BY DEFAULT. Where a judgment by default was entered in an action in which there has been no service of notice, and in which an appearance has been entered for the defendants by an attorney, without authority and by mistake; *Held*, that the court erred in refusing to set aside the default.

2. SAME: AFFIDAVIT OF MERITS. A judgment rendered by default, before the court acquired jurisdiction, may be set aside without a showing of a meritorious defense to the action.

3. PROFESSIONAL STATEMENTS. A professional statement of an attorney, when received by a court, is regarded as an affidavit.

*Appeal from Keokuk District Court.*

WEDNESDAY, NOVEMBER 2.

ACTION on a promissory note. Judgment by default. At the same term one of the defendants appeared and made affidavit that he had not been served, that he did not believe any notice had been served, that none could be found on file, and that he had never appeared to the action, nor authorized any person to appear for him. Upon the affidavit he asked leave to make a special appearance, and to set aside the default. This motion was overruled and from this order the defendant appeals.

*Hendershott & Burton* for the appellants.

*Casady & Crocker*, for the appellee, relied upon Code of 1851, section 1827; *Ulmer* v. *Hiatt*, 4. G. Greene 439; *Clark* v. *Blackwell*, Ib. 441; *Houston* v. *Walcott*, 1 Iowa 86.

WOODWARD, J.—The action was commenced prior to the November term, 1858, and at that term the record says: "now comes the defendant and moves the court to continue the cause, and it appearing that this is the appearance term to this cause, the same is continued." At the March term a default was entered, and at the same term the defendant moved to set it aside. At the hearing of this motion the court heard the professional statement of the attorney to the effect that at the previous term he had made an appearance for the defendants, through mistake ; that he was employed in other causes for one of the defendants, and supposed at the time that he was in this one, but is now satisfied that he had no authority so to do. There was no service in the case. The bill of exceptions recites that the motion was overruled because the records showed an appearance at the previous term.

The professional statement of the counsel, being received, is to be regarded as an affidavit. It being shown that his appearance was without authority, it is the same as if there had been none, and then it is a default entered when there has been no service. The principal argument against setting aside the default is that the affidavit makes no showing of merits. But we do not think that this is to be required when there has been no notice. The party is not in court. The court had no jurisdiction. It is true that, *prima facia*, there was an appearance, but this *prima facia* aspect is taken away by the disclosure of the facts. *Messenger* v. *Marsh et al.* 6 Iowa 491. We think the judgment of the court should be reversed.