## WINTERSTIEN v. WALKER.

1. DEMURRER: APPEARANCE. An appearance and the filing of a demurrer to plaintiff's petition by an attorney who was not authorized to represent the defendant, does not deprive such defendant of the right to file a second demurrer upon the withdrawal of the first, though the cause had been continued one term.

*Appeal from Linn District Court.*

TUESDAY, DECEMBER 20.

PFEFFER and Horchy made their note payable to Inbody or order. The payee indorsed it in blank and the defendant Walker indorsed it in a similar manner. The holder brought suit against the makers and Walker. At the first term all the defendants demurred to the petition, and the cause was continued. At the next term, upon the professional statement of the attorney filing the demurrer, to the effect that he had no authority to appear for the indorser, the same was

permitted to be withdrawn. Walker then appeared by other attorneys and filed a demurrer for the same causes, and this demurrer, on plaintiff's motion, was stricken from the files. The defendant failing to answer further, judgment was rendered against the indorsers for the amount of the note, with interest. The makers had answered at the first term, pleading a failure of consideration, and as to them the cause is not yet disposed of. Walker appeals.

*Smyth, Young & Smyth* for the appellant.

*Preston & Thompson* for the appellee.

WRIGHT, C. J.—The professional statement of the attorney that he had no authority to appear for the defendant, Walker, and that his appearance for him was by mistake, seems to have been received by the court without objection, and to have been taken as true. Based upon this statement the demurrer filed by all the defendants was allowed to be withdrawn and thereupon, in the language of the record, "the said Walker appeared *for the first time* in this action and files his demurrer." Under these circumstances we can conceive of no good ground for striking the second demurrer from the files. That the cause had been continued one term, because of the filing of the demurrer afterwards withdrawn, could not preclude the defendant from the right to demur or plead so soon as he in fact made an appearance. As we understand the record, the demurrer first filed, was without the knowledge or assent of defendant, and by it therefore his rights should in no manner be compromised or prejudiced. *Rice* v. *Griffith et al.,* 9 Iowa 539. Something is said in the argument about a rule of court inhibiting the filing of a second demurrer. No such rule is found in the record, nor has it been brought to our attention. We can hardly suppose however that any rule can be found, which would preclude a party from filing a demurrer, because one has been filed by an attorney by mistake, and without authority.

There is no pretence that the demurrer is frivolous. It

presents a substantial question and one going to the right of the plaintiff to recover against defendant, whether treated as an indorsee or guarantee of the note. Whether well taken in fact, we need not determine, as the question was not decided in the court below, and is not argued by counsel.

Judgment reversed.