LUCINDA JOHNSON v. CITY OF WATERLOO, Appellant.

Jurors: CHALLENGE: INTEREST. The mere circumstance of living within the limits of a municipal corporation is not cause for challenge of jurors, in an action for the severance of territory, where a determination of the issue would not affect the matter of their taxes.

Same: CHALLENGE: PREJUDICE. A litigant has no right to a trial by any particular jury, he can only demand one that is fair and impartial; and where it is not shown that he had exhausted his peremptory challenges, it will be presumed that the jury selected was competent and acceptable to him, and any error in sustaining a challenge to a competent juror will not be deemed prejudicial.

New trial: NEWLY DISCOVERED EVIDENCE. A new trial will not be granted on the ground of newly discovered evidence where it appears that such evidence was not available at the time of the trial, but rather the result of changed conditions since; as where it is made to appear that territory severed from an incorporation is to be used for an amusement park for which the city should furnish police protection, but no showing that there was any agreement relating to its establishment at the time of the trial.

*Appeal from Black Hawk District Court.*—HON. CHARLES
E. RANSIER, Judge.

WEDNESDAY, JANUARY 13, 1909.

ACTION for severance of territory from the corporate limits of the city of Waterloo resulted in judgment as prayed. The defendant appeals.—*Affirmed.*

*B. F. Swisher* and *J. E. Williams,* for appellant.

*Mears & Lovejoy,* for appellee.

LADD, J.—The jury decided that the territory of two

hundred and eighty acres described in the petition should
be severed from the city of Waterloo, and in the appeal
from judgment to that effect but three er-
rors are assigned.  As the land was used for
agricultural purposes, it was not subject to
assessment for taxation for municipal expenses.  On *voir
dire,* four members of the panel answered that they were
resident taxpayers of the defendant city and were excused
upon challenge of plaintiff for this reason:  Had the issue
been such that its determination might have resulted in
an increase or diminution of taxation, the ruling would
no longer be the subject of controversy in this state.
*Davenport Gaslight & Coke Co. v. City of Davenport,* 13
Iowa, 229; *Dively v. City of Cedar Falls,* 21 Iowa, 565;
*Cramer v. City of Burlington,* 42 Iowa, 315; *Hollenbeck
v. City of Marshalltown,* 62 Iowa, 21; *McGinty v. City
of Keokuk,* 66 Iowa, 725; *Kendall v. City of Albia,* 73
Iowa, 241; *Cason v. City of Ottumwa,* 102 Iowa, 99.
The mere circumstance of living within the corporate lim-
its is not cause for challenge, for whether farm land be
included or excluded save for good reasons ordinarily would
be a matter of indifference to jurymen, regardless of their
place of residence.

For all that appears, however, there was no preju-
dice.  The defendant had no right to a trial before any
particular juror or jury.  All it could insist upon was
a competent and impartial jury, and, as
the record does not affirmatively show that
it exhausted the peremptory challenges to
which it was entitled, the jurors before whom the cause
was tried are presumed to have been acceptable to it.
*Haggard v. Patterson,* 107 Iowa, 417.  The erroneous over-
ruling of a challenge for cause may result in the retention
of an objectionable juror.  *State v. John,* 124 Iowa, 230.
But this will, rarely, if ever, happen because of the re-
jection of a competent juror, and the courts which

*1. JURORS:
challenge:
interest.*

*2. SAME:
challenge:
prejudice.*

treat such ruling, when erroneous, as reversible error, do so on the ground that the litigant had the right to a trial before the particular juror. *Monk v. State,* 27 Tex. App. 450 (11 S. W. 460); *Hildreth v. Troy,* 101 N. Y. 234 (4 N. E. 559, 54 Am. Rep. 686); *Mooney v. People,* 7 Colo. 218 (3 Pac. 235). In *Wisehart v. Dietz,* 67 Iowa, 121, and *Geiger v. Payne,* 102 Iowa, 581, sustaining challenges for cause was held to be so largely discretionary that this court would not interfere on the showing made. In States, where, as in this, the right to trial before any particular juror or jury is denied, the ruling by which a juror is excused without good cause is not reviewable on appeal, unless it also is made to appear from the record that this has resulted in the trial of the issues before a partial or incompetent jury. *State v. Carries,* 39 La. Ann. 931 (3 South. 56); *State v. Kluseman,* 53 Minn. 541 (55 N. W. 741); *Omaha, etc., R. Co. v. Cook,* 37 Neb. 435 (55 N. W. 943); *State v. Ching Ling,* 16 Or. 419 (18 Pac. 844); *Northern Pac. R. Co. v. Herbert,* 116 U. S. 642 (6 Sup. Ct. 590, 29 L. Ed. 755); *Southern Pac. Co. v. Rauh,* 49 Fed. 696 (1 C. C. A. 416, 7 U. S. App. 84). See *Wooten v. State,* 99 Tenn. 198 (41 S. W. 815); *Woolfolk v. State,* 85 Ga. 90 (11 S. E. 820). The theory of these decisions is that, though a qualified juror be excused, another equally competent and fair minded will be selected in his stead, and, if a competent and impartial jury is finally secured before whom the cause is tried, neither party is in a situation to complain. What is a competent and impartial jury necessarily depends on the facts of each particular case. That a jury is such is conclusively presumed against a party not affirmatively shown to have exercised all peremptory challenges, save possibly where the peremptory challenges allowable are less in number than those excused for cause. For the reasons stated, the rulings complained of, even if erroneous,

were not prejudicial, and a reversal can not be predicated thereon.

II. The verdict was returned March 29, 1907, and three months later a petition for new trial on the ground of newly discovered evidence was filed, which averred that

3. NEW TRIAL: newly discovered evidence.

immediately after the trial an amusement park, with necessary buildings, had been established by Nichols & Johnson, to whom, as is alleged, the husband of plaintiff had previously agreed to lease the premises, that large crowds of people will gather there for whom police protection will be required, that the object of the action was to have the territory severed so as to establish said park, and that defendant could not by any diligence have obtained evidence of these matters until after the trial. In support of this petition, the proof was of the establishment of the park as alleged, but none of any prior lease or agreement between plaintiff or her husband and Nichols & Johnson. On the trial plaintiff had testified that these parties wanted "to put up an amusement park," and, in the hearing on the petition for new trial, he denied the existence of any lease or agreement as asserted, and plaintiff had never assented to the establishment of the park. It is manifest then that the so-called newly discovered evidence was of matters occurring subsequent to the trial, and that no new evidence available then had been discovered. There was no error, even though, owing to changed conditions, it may have developed that a portion of the premises, because of the necessity of police surveillance, should be taken back into the corporation.

III. While a portion of the land might well have been retained within the city limits, there seems no apparent reason for the inclusion of the entire tract. Without reviewing the evidence, it is enough to say that it presented a case for the jury.—*Affirmed.*