EDMUND S. GAYNOR, appellee, v. LOUISE M. GAYNOR, appellant.

No. 48742.

(Reported in 70 N.W.2d 923)

JUNE 7, 1955.

Stilwill, Brackney, Stilwill & Wilson, of Sioux City, and Owen Donley, of Elk Point, South Dakota, for appellant.

A. C. Hatt and S. D. Crary, both of Sioux City, for appellee.

HAYS, J.—On March 26, 1954, after due and timely service of notice on the defendant, there being no appearance, a default and decree of divorce were granted plaintiff. April 30 defendant moved to set aside and vacate same. After hearing the motion was overruled and defendant appeals.

Rule 236, R. C. P., provides: "On motion and for good cause shown * * * the court may set aside a default or the judgment thereon, for mistake, inadvertence, surprise, excusable neglect or unavoidable casualty."

Defendant's motion alleged illness, such as to prevent her giving proper attention to the matter; also, that in reliance upon representations made to her by the plaintiff, which were made for the purpose of deceiving her and prompting her to take no immediate steps to defend, no appearance was entered by her in the case. These factors, the motion asserts, constitute mistake, inadvertence, surprise, excusable neglect or unavoidable casualty. At the hearing the claim of illness was in effect abandoned.

As to the alleged misrepresentation, the testimony of defendant and plaintiff is in sharp conflict.

Defendant testified in substance as follows: Prior to the service of the notice on March 5, the parties had discussed a divorce and plaintiff had submitted to her a proposed property settlement, which she refused as inadequate. On the day the notice was served they again discussed the matter and she informed him that the case would be contested. March 22, at a chance meeting, the divorce was discussed. Plaintiff was informed that she was going to employ a Mr. Owen Donley, of Elk

Point, South Dakota, as attorney to represent her; that plaintiff informed her that Mr. Hatt, his attorney, was out of the city; that nothing would be done until his return and that he would notify her when that was. On March 27 she called plaintiff to find out about the divorce action and was told that it had been granted the day before. When asked why she had not been notified, he replied "I didn't want to." She then asked him, "Well, what did you do about me?" His reply was, "I don't have to give you anything but you meet me Monday and I will have Mr. Hatt draw up papers and give you the Skyline Bar."

Plaintiff testified that at the meeting on March 22 the divorce was but casually mentioned. He was told that Mr. Donley had been employed and he had said that Mr. Hatt was out of the city at that time. He denies that he told her nothing would be done and that he would notify her when he returned and the case would be heard. On March 27 she called and asked about the divorce and was told she was "a free woman." She then asked him, " 'Well, where do I come out, who am I—do I have my own name or some other name, or what do I get out of this deal?' " He told her he did not have to give her anything but to meet him on Monday and he would give her the Skyline Bar. They met on Monday and the Skyline Bar and five vacant lots across the street from it were transferred to her. At that time he asked her, "What became of your lawyer, Mr. Donley, why wasn't he on the job?" She replied, "Well I decided not to have anybody." This last statement is denied by defendant.

While perhaps not material, the record shows that plaintiff and defendant were married in 1939 and divorced in 1942. The defendant married one LeRoy Aspleaf and was divorced from him in 1943. Plaintiff and defendant were again married in 1944. Within a few days after the instant divorce, plaintiff was married to a third party. It also appears that at no time did defendant contact Mr. Donley, although she states that she tried to reach him by phone. The Skyline Bar is a tavern located in North Sioux City. After the remarriage plaintiff had purchased it and turned it over to defendant to run, which she did. The proceeds therefrom had been deposited to their joint account and amounted to about $6000 at the time of the trans-

1042

fer of the business on March 29. Defendant stated that this account was now in her name. The value of the property she received does not clearly appear, nor does it appear what property plaintiff owns.

■■ We have recently had occasion to examine rule 236, R. C. P., Svoboda v. Svoboda, 245 Iowa 111, 60 N.W.2d 859. There we again say, as we have many times, that in granting or refusing a request to set aside a default judgment, the trial court has a wide discretion; that such motion is triable at law and not in equity and the finding of the trial court, on a dispute of fact, is entitled to the same weight as a jury verdict. We also said that a "good cause" is a sound, effective and truthful reason—something more than an excuse, a plea, apology, extenuation, or some justification, for the resulting effect, with the burden resting upon the movant. See also cases cited therein.

■ The trial court found as a fact that the defendant's failure to appear and defend was not caused or induced by any promise or representation made by plaintiff. A jury could have so found under the record. The trial court also found that defendant had failed to meet the "good cause" requirement of the rule. With this we agree. The record fairly shows defendant's sole concern was as to what property she could or would get from plaintiff. Having been through two prior divorce proceedings, she was not exactly a novice. While alimony and property settlements are always matters of importance, such do not in any way constitute defensive matters but are entirely collateral to the divorce issue. Sections 598.8 and 598.14, Code of 1954.

The ruling of the trial court must be affirmed.—Affirmed.

All JUSTICES concur.