ERNEST RAYMOND COGLEY, appellant, v. HY VEE FOOD STORES, INC., et al., defendants, WILLIAM POE, appellee.

No. 51758.

(Reported in 137 N.W.2d 310)

1382

September 21, 1965.

Sutton & Nielsen, of Altoona, for appellant.

Charles D. Funaro and James A. Lorentzen, both of Des Moines, for appellee, William Poe.

Rawlings, J.—We are here concerned with claimed error on the part of the trial court in connection with hearing had upon a motion to set aside an order of default.

On April 2, 1964, an automobile accident occurred in Des Moines involving a vehicle operated by plaintiff Cogley and one operated by defendant Poe. On October 19, 1964, plaintiff filed his petition in the Polk district court naming Poe and others as parties defendant. We are here concerned with defendant Poe only, he being hereinafter referred to as defendant. On October 21, 1964, personal service of original notice was had on defendant and on October 23, 1964, he entered an appearance pro se. On the 19th of November, 1964, a motion for default as to defendant was filed by plaintiff, and on November 27, 1964, the trial court entered a Ruling on Motion, as follows: "Plaintiff's motion for default against defendant, William Poe, sustained."

On the 29th of January, 1965, attorneys for defendant filed an appearance on his behalf, followed by an answer and a motion to set aside default, to which motion the factual affidavit of defendant was attached. By such affidavit it appears the day after

the accident defendant contacted his insurance agent and shortly thereafter an adjustor for his insurance carrier contacted defendant. Also on the date of service of notice on defendant, or the next day, he again contacted his insurance agent, advised such agent as to service of the aforesaid original notice, and was assured that he, the agent, would advise the company adjustor as to such service of notice.

Defendant heard nothing more of the case until sometime between the 8th and the 12th of January, 1965, when he was contacted by the adjustor for his insurance carrier. Shortly thereafter an attorney for such carrier contacted defendant. About the same time defendant contacted his personal attorney. These two attorneys then promptly filed the aforesaid answer and motion to set aside default. Plaintiff filed resistance to defendant's motion and shortly thereafter defendant filed a cross-petition against plaintiff.

At time of hearing upon the subject motion counsel for plaintiff requested but was denied leave of court to cross-examine defendant, then personally present in court, relative to the allegations contained in the affidavit attached to defendant's motion. Also, at such hearing, counsel for defendant presented to the court what he then termed a "professional statement". Thereupon counsel for plaintiff requested but was denied leave to cross-examine defendant's counsel, then also personally present in open court, in connection with such statement. On February 24, 1965, after hearing had, the trial court entered this ruling on motion: "Motion of the defendant, William Poe (filed January 29, 1965), to set aside the default entered against him on November 29, 1964—sustained." Plaintiff sought and was granted leave to appeal from this ruling.

It is plaintiff's contention the trial court erred in setting aside the order of default, in that defendant's motion was filed more than 60 days after entry of default, or in any event that it was not promptly filed, and that the trial court erroneously denied plaintiff leave to cross-examine defendant as to matters set forth in his supportive factual affidavit, and further denied plaintiff leave to cross-examine defendant's counsel upon the professional statement made by him at time of hearing.

I. Plaintiff invokes rule 236, Rules of Civil Procedure, which relates to the setting aside of a default or judgment thereon. Clearly the ruling of the trial court by which plaintiff's motion for default was sustained constituted nothing more than an order of default. Rules 230 and 231, Rules of Civil Procedure. No judgment on default was ever entered against defendant. Rule 232, Rules of Civil Procedure. A bare order of default standing alone does not attain the stature of a judgment. Kirby v. Holman, 238 Iowa 355, 374, 25 N.W.2d 664, 674. Such an order is not a final adjudication. City of Des Moines v. Barnes, 237 Iowa 6, 11, 20 N.W.2d 895, 897, and In re Estate of Hutchison, 255 Iowa 94, 98, 121 N.W.2d 504, 507. It is here self-evident that the 60-day-limitation period set forth in rule 236, Rules of Civil Procedure, does not apply to a mere order of default.

The setting aside of such an order rests in the sound judicial discretion of the trial court as to promptness in filing and the factual circumstances under which relief will be afforded. Stated otherwise, the power to relieve a party standing in default is one of the inherent powers of a court. 20 Am. Jur.2d, Courts, section 79, page 441. And, absent abuse of discretion in setting aside an order of default, we will not intercede. Edgar v. Armored Carrier Corp., 256 Iowa 700, 704, 128 N.W.2d 922, 924, 925.

II. However, at time of hearing upon defendant's motion to set aside default, the trial court, probably unintentionally but nonetheless erroneously, so restricted the proceedings as, in effect, to leave that court with an inadequate premise upon which to fairly exercise the requisite degree of discretion. Rule 116, Rules of Civil Procedure, provides: "Evidence to sustain or resist a motion may be by affidavit or in any other form to which the parties agree or the court directs. The court may require any affiant to appear for cross-examination." Section 622.90, Code of Iowa, 1962, provides: "The court or officer to whom any affidavit is presented as a basis for some action, in relation to which any discretion is lodged with such court or officer, may require the witness to be brought before it or him and submit to a cross-examination by the opposite party."

In Mayer v. Wright, 234 Iowa 1158, 1162, 15 N.W.2d

268, 270, decided prior to adoption of rule 116, this court declared: "We have frequently held that it is a matter of discretion with a trial court whether an affiant should be required to appear for cross-examination in connection with affidavits filed in support of a motion." This does not mean, and we have never said, such discretion, broad though it may be, is unlimited, that it can be arbitrarily exercised, or the right of cross-examination unreasonably withheld. Rather, the discretion so vested in the court is a power to be utilized fairly and impartially by the application of relevant legal and equitable principles to *all* the known or readily available facts of a given issue or cause, to the end justice may be more nearly effectuated. Best v. Yerkes, 247 Iowa 800, 810–816, 77 N.W.2d 23, 29–33, 60 A. L. R.2d 1354; Clarkson v. Kelly, 49 N. J. Super. 10, 138 A.2d 747, 751; Goebel v. Holt County, 172 Neb. 81, 108 N.W.2d 406, 410; and 49 C. J. S., Judgments, section 300, page 554.

■ ■ However, as pointed out in Best v. Yerkes, supra, our sole task is to determine whether there was abuse of such discretion. This is essentially a matter of fairness and we cannot justly say the trial court acted fairly and impartially in denying leave to plaintiff to cross-examine defendant-affiant. When a court, without just or reasonable cause, prevents full disclosure of relevant facts it can be as much an abuse of discretion as is an arbitrary, capricious and unjust action on the part of the court when all relevant facts are known. State v. Boston, 233 Iowa 1249, 1258, 1259, 11 N.W.2d 407, 411. We can only conclude there was reasonable cause, both express and self-evident, in plaintiff's request for leave to cross-examine defendant-affiant, but not a like quality, either express or self-evident, in the ruling by the trial court. Surely the foundation for such a discretionary ruling must be at least as sound as the foundation for the request. The trial court was in error in denying plaintiff leave to cross-examine defendant.

■ III. Plaintiff also challenges the ruling of the trial court in refusing to permit plaintiff to cross-examine counsel for defendant relative to the factual recitation contained in the "professional statement" made to the court by counsel for defendant. The term "professional statement" as here employed

means a statement of fact presented to the court by an attorney in connection with a matter then before such court, verified in effect by the oath of such attorney, and designed or calculated to aid or influence the court in the determination of a given cause or issue.

In the early case of Rice v. Griffith, 9 Iowa 539, 540, this court held a professional statement of counsel, being received, is to be regarded as an affidavit. Then in McMillan v. Osterson, 191 Iowa 983, 984, 183 N.W. 487, 488, we held an unsigned affidavit by an attorney stood as a professional statement to the court. When counsel for defendant elected to make such a statement to the court he thereby elected to stand in the shoes of an affiant and, for all the reasons set forth in Division II hereof, thereby subjected himself to possible cross-examination as to matters of fact inhering in his statement. Here also the trial court erred in refusing to permit cross-examination of counsel for defendant.

We express no opinion as to the ultimate decision by the trial court upon defendant's motion to set aside the order of default. Rather, we hold such motion should be reconsidered in the light of all the facts reasonably and readily available to the court.—Reversed and remanded for further proceedings consistent herewith.

GARFIELD, C. J., and LARSON, THORNTON, SNELL, MOORE and STUART, JJ., concur.