IN RE PETITION OF RICHARD L. MONSON ET AL.
RICHARD L. MONSON ET AL., APPELLEES, V. BRYCE P. NEIDIG ET AL., APPELLANTS, IMPLEADED WITH PERCY H. NEIDIG ET AL., APPELLEES.

146 N. W. 2d 198

Filed November 4, 1966. No. 36298.

William G. Whitford, for appellants.

Moyer & Moyer, for appellees Monson.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and MANASIL, District Judge.

McCOWN, J.

The detachment of land from one school district and attachment to another under the provisions of section 79-403, R. S. Supp., 1963, is involved. The judgment of

the district court found for petitioners and transferred their real estate from school district No. 48, a rural district, to school district No. 1, a K-12 district, which includes the City of Madison.

Petitioners' evidence established the specific facts required by the statute. The appeal is primarily directed at procedural and other requirements of the statute.

The constitution of the board is first challenged. Section 79-403, R. S. Supp., 1963, provides for a board, "consisting of the county superintendent, county clerk, and county treasurer * * *." The board which conducted the hearing here consisted of the county treasurer, the county superintendent, and the deputy county clerk. The deputy county clerk was present but abstained from voting. The county superintendent and the county treasurer signed the board's conclusive report, but failed to insert in the blank in the printed form either of the words "grant" or "reject." On the same day, however, the county superintendent executed and delivered to the county clerk a certificate stating that changes in the boundary lines and maps of the school districts involved had been made and the real estate involved had been attached to school district No. 1.

It is contended first that a deputy county officer cannot serve as a member of a board constituted under section 79-403, R. S. Supp., 1963, and that consequently no proper board was ever constituted here. Section 84-802, R. R. S. 1943, dealing with deputies of state and county officers and their duties provides: "In the absence or disability of the principal, the deputy shall perform the duties of his principal pertaining to his own office, but when an officer is required to act in conjunction with or in place of another officer, his deputy cannot supply his place." Section 79-403, R. S. Supp., 1963, designates the county superintendent, county clerk, and county treasurer, as a separate independent "board" and has no provisions for substitutes or deputies. We hold that a deputy county superintendent, deputy coun-

ty clerk, or deputy county treasurer is not authorized to act as a member of the statutory board provided by section 79-403, R. S. Supp., 1963.

The statute, however, does not require all three members of the statutory board to be present at the hearing nor to participate in the determination. Neither does it specify that action by a majority is or is not sufficient. It does authorize appeals when the board fails to agree, as well as when it has taken action.

A party is not denied a full hearing before an administrative board exercising a quasi-judicial function because the actual taking of testimony or conducting of the hearing is by less than all the members of the administrative board who are charged with determining the matters involved. See State ex rel. Churchill v. Bemis, 45 Neb. 724, 64 N. W. 348.

We hold that the absence from the hearing of a designated member of the board provided for by section 79-403, R. S. Supp., 1963, or his failure to participate in the determination by the board does not oust the board of jurisdiction nor render the action taken by a majority of the statutory board invalid.

The appellants next challenge the notice of the filing of the petition and hearing thereon on the ground that the notice was not issued by the board and was not signed by anyone. The statute does not specifically place the responsibility of giving the notice on anyone, but merely provides that notice shall be given. Here the county superintendent authorized counsel for petitioners to give the necessary notice. There is no provision that a member of the board cannot delegate the preparation, publication, and posting of notice. Neither does the statute require that notices be signed. The purpose of the notice requirement is to advise the public, and particularly those having a direct interest in the proceedings, of the fact that such a petition has been filed and of the time and place of hearing. Substantial compliance with statutory requirements for the creation or alteration of

school districts is sufficient notwithstanding minor irregularities in the proceedings if no prejudice results. The record here discloses that all members of the school board of district No. 48, and at least some of the individual appellants were present at the hearing. Counsel for the appellants in this court also appeared at the hearing on behalf of some persons opposed to the petition. Under such circumstances, it can hardly be said that prejudice resulted even if there had been a minor irregularity. We hold that a notice of the filing of a translocation petition and hearing thereon, otherwise in compliance with section 79-403, R. S. Supp., 1963, is not insufficient merely because a member of the statutory board did not personally arrange for its publication and posting. Personal signatures of board members are not required on such notice. Printed or typed names and titles are sufficient.

The remaining arguments of the appellants center around the court's refusal to grant their motion for leave to withdraw their rest and introduce evidence that petitioners intended to change their residence and that of their children in the spring of the year following the hearings.

The original hearing before the board was held July 21, 1965. The original trial and hearing on appeal in the district court was held on November 15, 1965, after which both parties rested and the matter was submitted to the court and taken under advisement. On December 3, 1965, leave was granted to both parties to withdraw their rests and submit further evidence. On December 8, 1965, further evidence was submitted by both parties, both renewed their rests, and the cause was again submitted and taken under advisement. On January 10, 1966, the defendants filed an application for leave to again withdraw their rests which was denied on January 17, 1966.

There is little dispute that the newly discovered evidence upon which these motions were based was essen-

tially evidence of facts occurring after the trial. This evidence tended to prove that the school children residing on the premises involved here might or would be residing elsewhere at a future date. To entitle petitioners to translocation, the statute requires that the land involved "has children of school age residing thereon with their parents or guardians." Whether a petitioner has met the statutory requirements of section 79-403, R. S. Supp., 1963, and is entitled to have his land set off from one school district and attached to another, is determinable on the facts existing on the date of the hearing before the board, or on the date of the trial in the district court, if appealed.

"In any but an extraordinary case in which an utter failure of justice will unequivocally result, evidence of facts occurring after the trial will not support a motion for a new trial as newly discovered evidence." Wagner v. Loup River Public Power Dist., 150 Neb. 7, 33 N. W. 2d 300.

The newly discovered evidence offered by defendants here was not that a change of petitioners' residence in fact had occurred, but only that petitioners had announced their intention to change their residence in the future. A final determination of the right to translocate land from one school district to another is not conditional on the required facts remaining unchanged after trial. Its finality and validity would otherwise be subject to continual question.

Whether a party may withdraw his rest and introduce further testimony rests within the sound discretion of the trial court. Luikart v. Continental Nat. Bank, 126 Neb. 598, 253 N. W. 905. Here the court has already once granted both parties the right to withdraw rests and conducted the trial on November 15, 1965, and again on December 8, 1965. The additional request for withdrawal of rest came more than a month thereafter, and even at that time, the offered evidence dealt only with intentions as to a future change of residence. The denial

of the motion under the circumstances here was clearly proper.

The judgment of the trial court was correct and is affirmed.

AFFIRMED.