**Phyllis GARRISON, Appellant,**

v.

**Wilbert GARRISON, Appellee.**

**No. 54051.**

Supreme Court of Iowa.

Sept. 2, 1970.

Matt Walsh and James Abshier, Council Bluffs, for appellant.

Peters, Walker & Campbell, by Manning Walker, Council Bluffs, for appellee.

RAWLINGS, Justice.

Trial court granted defendant a decree of divorce on default, and overruled plaintiff's subsequent motion to set it aside. Plaintiff appeals from the decree and all orders inhering therein. We affirm.

These parties ware first married in 1947. Three children were born to them. That marriage was terminated in 1963 by a California decree entered upon plaintiff's petition. She, having been granted custody of the children, then returned with them to Council Bluffs. Defendant followed, and in 1966, the parties hereto remarried. Discord attendant upon their first union soon reappeared.

September 23, 1968, plaintiff initiated the instant action.

January 29, 1969, defendant filed answer and cross-petition. Plaintiff answered.

Negotiations relative to a property settlement and related matters ensued.

July 23, 1969, plaintiff's attorney received a letter from counsel for defendant advising arrangements had been made for the case to be heard July 31st at 10:00 A.M. Thereupon the attorney for plaintiff advis-

ed his client to the effect it was doubtful she could obtain a divorce.

July 24, 1969, plaintiff dismissed her action.

July 29, 1969, plaintiff's attorney sent a letter to defendant's counsel outlining a proposed settlement schedule, apparently unacceptable to defendant.

July 31, 1969, defendant was granted the challenged decree of divorce.

August 20, 1969, plaintiff filed a motion to set aside that decree. Defendant resisted and a hearing followed. October 22, 1969, trial court overruled this motion.

"Errors" asserted by plaintiff on appeal are, (1) the default decree was entered upon fatally inadequate testimony by defendant; (2) insufficient corroboration; and (3) trial court erred in overruling her motion to set aside the default decree.

I. At the threshold we unavoidably encounter a self-imposed problem which should be resolved.

The case at bar was brought and pursued under chapter 598, Code, 1966. But this law was specifically repealed by House File 1156, Acts of the Sixty-Third General Assembly, Second Session. Furthermore, that legislative enactment, as amended by the same G.A., Senate File 1315, materially revised our prior divorce and annulment laws, changing both the internal procedure and foundational basis for obtaining such relief.

Ostensibly, these new legislative enactments became effective July 1, 1970. Section 1, chapter 83, Acts of the Sixty-Second General Assembly. But see section 26, Article III, Constitution of Iowa, and 1 Sutherland on Statutory Construction, Third Ed., section 1602, page 263.

In any event the question posed is whether our newly enacted marriage termination statutes have any effect upon the matter now before us.

■ Ordinarily when a law is repealed without reenactment in substantially the same terms, absent a saving clause or general statute limiting the effect of such repeal, the rescinded act is operationally deemed to have never existed. See 1 Sutherland on Statutory Construction, Third Ed., section 2042, page 522; 82 C. J.S. Statutes § 439, page 1012; and 50 Am. Jur., Statutes, section 524, page 532.

Although, as aforesaid, H.F. 1156, supra, repeals Code chapter 598, it apparently contains no express savings clause. On the other hand we do have a general savings act relative to any rights accrued, or any proceedings commenced under a repealed law. Section 4.1(1), Code, 1966. See also In re Incorporation of Town of Avon Lake, 249 Iowa 1112, 1116–1117, 88 N.W.2d 784, and Grant v. Norris, 249 Iowa 236, 245–247, 85 N.W.2d 261.

The question before us in this case need not, however, be determined upon the foregoing general principle alone.

■ When a judgment entered prior to abrogation of a governing act has become a finality it remains in full force and effect. And, if appeal is from an order denying a motion for new trial or to set aside a default decree, the previously entered judgment or decree is not usually impaired by any newly enacted legislation. 1 Sutherland on Statutory Construction, Third Ed., sections 2043–2044, pages 524–527, and 50 Am.Jur., Statutes, sections 531–532, page 537. See also Code section 4.1 (1), supra.

Here a decree was entered and the motion to set it aside overruled, all prior to enactment of the new divorce laws referred to above.

■ Furthermore, the appeal taken by plaintiff did not, per se, serve to stay, vacate, or affect the decree so entered. Rule 337, Rules of Civil Procedure, and Scheffers v. Scheffers, 241 Iowa 1217, 1221–1222, 44 N.W.2d 676.

■ Resultantly, the first two issues presented on this appeal, standing in equity, will be entertained in light of Code chapter 598 and our attendant interpretations.

■ II. By virtue of the foregoing this statement in Levick v. Levick, 261 Iowa 345, 348–349, 154 N.W.2d 102, 104, is now even more appropriate than when made: "It is unnecessary to set out the principles governing this type of case. They have been considered by us many times, and we recently recapitulated them in Beno v. Beno, 260 Iowa 442, 149 N.W. 2d 778. Among the matters reaffirmed there are these; (1) Our review is de novo, but we give considerable weight to the findings of fact by the trial court; (2) the statute requires inhuman treatment to be such that it endangers the plaintiff's life, which may be shown by impairment of health or by reasonable apprehension such impairment will occur; and (3) we should consider the entire history of the marriage, not merely isolated acts, in determining whether grounds for divorce exist."

Later we said in Schantz v. Schantz, Iowa, 163 N.W.2d 398, 402–403: " 'To entitle a party to a divorce under Code section 598.8(5), it is necessary two elements be proven, (1) inhuman treatment and (2) danger to life therefrom.

" 'Life may be endangered by impairment of health.

" 'Danger to life is sufficient where the danger is reasonably apprehended.

" 'Proof of physical violence is not always necessary. Any mistreatment which deprives a spouse of needed rest, peace of mind, and affects the nervous system so that health is undermined, may endanger life as effectively as physical violence.' " See also Lehmkuhl v. Lehmkuhl, 259 Iowa 686, 690–692, 145 N.W.2d 456, and Neff v. Neff, 237 Iowa 69, 20 N.W.2d 916.

■ III. With regard to the matter of essential supportive proof in an action such as this, we have repeatedly held, testimony relative to cruel and inhuman treatment on the part of one spouse to the other must be corroborated. But it need not be substantiated in every detail. Neither must the corroboration alone sustain the decree. Support may also be supplied by direct or circumstantial evidence. Schantz v. Schantz, supra, 163 N.W.2d 403, and citations.

■ IV. Essentially defendant's testimony in support of his action is to the effect that after the remarriage there was no compatibility between these parties, plaintiff would not cook or launder his clothes, made demands, told him the home was in her name alone, she would do as she pleased and he had nothing to say about it, and if he did not like that to get out. In July 1968, he complied with this suggestion.

Plaintiff also made demands upon defendant's superior for her husband's paycheck. Consequently defendant was called into the office and told the employer would not put up with it.

When plaintiff initiated this action defendant became nervous, sick, went to a hospital, and was there told the tension was too much for him. He was advised to quit his job at Shaver's Food Market and did so.

The corroborating witness for defendant, a former co-employee at the store, testified she there observed defendant; he was nervous; this condition worsened; he would walk the floor and had trouble breathing; she noticed a progressive difference in him and he could not settle down. His wife sometimes called him at work, at which times he really became nervous and upset.

Furthermore, plaintiff filed a petition for divorce, later admitted by her attorney to be essentially a groundless action.

No useful purpose will be served by further analysis of the facts or applicable principles of law.

Defendant's testimony regarding plaintiff's conduct and its effect on him, being adequately corroborated, discloses cruel and inhuman treatment of such nature as to justify the granting of a divorce to defendant.

V. As already noted, plaintiff filed a motion to set aside the aforesaid default decree. Significantly trial court's jurisdiction is not challenged. See in that regard Peterson v. Eitzen, Iowa, 173 N.W.2d 848.

Without question defendant's attorney advised counsel for plaintiff, in writing, the case would be heard at a specified time. Plaintiff failed to then appear and the matter was presented on evidence offered by defendant.

Though not so stated in the motion it was apparently filed pursuant to rule 236, R.C.P., which provides: "On motion and *for good cause shown*, and upon such terms as the court prescribes, but not ex parte, the court may set aside a default or the judgment thereon, for mistake, inadvertence, surprise, excusable neglect or unavoidable casualty. Such motion must be filed promptly after the discovery of the grounds thereof, but not more than sixty days after entry of the judgment. Its filing shall not affect the finality of the judgment or impair its operation." (Emphasis supplied).

In Gaynor v. Gaynor, 246 Iowa 1039, 70 N.W.2d 923, this court dealt with that rule in a like case, and there said, loc. cit., 246 Iowa 1042, 70 N.W.2d 924: "We have recently had occasion to examine rule 236, R.C.P., Svoboda v. Svoboda, 245 Iowa 111, 60 N.W.2d 859. There we again say, as we have many times, that in granting or refusing a request to *set aside a default judgment*, the trial court has a wide discretion; that such motion is triable at law and not in equity and the finding of the trial court, on a dispute of fact, is entitled to the same weight as a jury verdict. We also said that a 'good cause' is a sound, effective and truthful reason—something more than an excuse, a plea, apology, extenuation, or some justification for the resulting effect,

with the burden resting upon the movant. See also cases cited therein.

"*   *   * While alimony and property settlements are always matters of importance, such do not in any way constitute defensive matters but are entirely collateral to the divorce issue.*" (Emphasis supplied). See also Insurance Co. of North America v. Sperry & Hutchison Co., Iowa, 168 N.W.2d 753, 756; Haynes v. Ruhoff, Iowa, 157 N.W.2d 914, 915–916; and Claeys v. Moldenschardt, 260 Iowa 36, 43, 148 N.W.2d 479.

Then in Handy v. Handy, 250 Iowa 879, 884, 96 N.W.2d 922, 925, is found this pertinent comment regarding procedure essential to relief under rule 236: "The court's duty in this proceeding is to ascertain from the evidence whether any facts existed which, if established on retrial, would prima facie constitute a defense. (Authorities cited).

"In Cook's Revised Edition of Iowa Rules of Civil Procedure, on page 667 of Volume 2, it is stated that 'good cause' in rule 236 requires 'at least a claimed defense asserted in good faith.'

"In Volume 5 of Iowa Forms, Civil Procedure and Practice, by Loth, at page 258, the author comments that 'Defaults may be set aside either under R.C.P. 236, within 60 days, or under R.C.P. 252 thereafter. In either case a defense should be shown and tendered; because "good cause" does not exist without a defense. [Citing] Svoboda v. Svoboda (supra). The excuse for having defaulted must be both pleaded and proved. [Citing] Booth v. Central States Mut. Ins. Ass'n., 235 Iowa 5, 15 N.W.2d 893, and Kern v. Sanborn, 233 Iowa 458, 7 N.W.2d 801. The trial court has considerable discretion either way as to what is "good cause" if a showing is made; but it must be shown, and the party seeking the relief has the burden. [Citing] Newell v. Tweed, 241 Iowa 90, 40 N.W.2d 20.'

"In passing upon the merits of a showing of 'good cause' in a proceeding of this kind,

the trial court exercised a broad sound judicial discretion, which, unless clearly and manifestly abused, will not be disturbed on appeal."

See also Hallett Construction Co. v. Iowa State Highway Commission, 258 Iowa 520, 530, 139 N.W.2d 421.

Trial court found, in overruling plaintiff's motion to set aside the default decree, (1) no showing was made, by affidavit or otherwise, she had or could present a good faith defense to defendant's cross-petition, and (2) her interest was primarily in the nature of child support allowed.

These findings and resultant order are amply supported by the record.

VI. Plaintiff also seeks an allowance in such sum as is reasonably proper for attorney's fees in connection with her appeal. Defendant resists.

Where, as here, a divorce is granted the husband, conflicting views have been adopted by various appellate tribunals regarding any fee allowance to the unsuccessful appealing wife. See 3 Nelson on Divorce and Annulment, chapter 29, and Annos. 32 A.L.R.3d 1227.

But this court has at least inferentially taken the position a wife, in these circumstances, *may* be awarded an attorney's fee. Jackson v. Jackson, 248 Iowa 1365, 1376–1377, 85 N.W.2d 590, and Andreesen v. Andreesen, 252 Iowa 1152, 1160, 110 N.W.2d 275. See also Arnold v. Arnold, 258 Iowa 850, 859–860, 140 N.W.2d 874.

We find no basis upon which to here hold there was either such lack of good faith, or presence of harassment, as to preclude plaintiff from having benefit of an allowance for her attorney in connection with this appellate review.

Although plaintiff's application leaves much to be desired, it still remains her sincerity in appealing is not subject to serious doubt. Plaintiff is therefore entitled to an award as requested and we now allow her $500 for services of her attorney on this appeal.

Affirmed.

All Justices concur.