Daniel F. HANNAN, III, By His Next Friend
and Mother, Jeanne Hannan, and Jeanne
Hannan, Individually, Appellants,

v.

BOWLES WATCH BAND COMPANY,
Appellee.

No. 54136.

Supreme Court of Iowa.

Oct. 13, 1970.

Joel Pasternak, Des Moines, for appellants.

Jones, Hoffmann & Davison, Des Moines, for appellee.

BECKER, Justice.

In this case plaintiff sued defendant corporation for personal injuries growing out of an automobile accident. Plaintiff alleges he was injured by an automobile negligently driven by Harry Ahring while Ahring was an employee of defendant operating within the scope of his employment. Defendant corporation was served with original notice under the Nonresident Motorist Statute, Iowa Code, 1966, sections 321.498–321.512. Notice was received by certified mail on September 30, 1969. Defendant did not appear or plead within the 60 days allowed by statute. Default was entered on December 3, 1969, i. e., 64 days after service of notice. Defendant's motion to set aside default, authorized by rule 236, Rules of Civil Procedure, was filed on January 5, 1970. The motion was sustained on March 4, 1970. We granted plaintiff leave to appeal the interlocutory order setting aside the default judgment. We now find the trial court's order should be affirmed.

Defendant delivered the original notice to a claims supervisor for Home Indemnity Company, its insurer, on October 6, 1969. The notice was forwarded to the insurer's Kansas City office on October 13, 1969. The file reached the desk of Mack Duke, Claims Supervisor for the Kansas City office sometime prior to October 24, 1969. For some unexplained reason Mr. Duke failed to complete what is known as the set-up sheet, thus no written system was used to call the matter to his attention, he forgot the appearance date and no further response was made until December 31, 1969, when he was notified that default had been entered. He immediately called for the file and it was in its proper place. Action to set aside the default was commenced promptly resulting in the January 5, 1970 motion.

I. Rule 236, R.C.P., reads in pertinent part:

"On motion and for good cause shown, * * * the court may set aside a default or the judgment thereon, for mistake, inadvertence, surprise, excusable neglect or unavoidable casualty. Such motion must be filed promptly after the discovery of the grounds thereof, but not more than sixty days after entry of the judgment. * * *."

Rule 236 gives the trial court a broad discretion in ruling on motions to set aside defaults. The purpose of the rule is to allow determination of a controversy on its merits, rather than on the basis of non-prejudicial inadvertence or mistake. Edgar v. Armored Carrier Corp., (1964) 256 Iowa 700, 128 N.W.2d 922.

The thrust of the rule and the purpose of this court was expressed in Newell v. Tweed, (1949) 241 Iowa 90, 95, 40 N.W.2d 20, 23:

"It has been the holding of this court that where a party in good faith is shown to have intended to defend but fails to do so because of accident or excusable neglect the trial court is justified in setting aside the default and in permitting the pleading of a defense. (Case cited). Courts look with favor upon trials and the rights of a litigant should not be denied proper hearing by strict application of legal formalities. (Cases cited.) The sufficiency of the showing rests largely in the discretion of the trial court. (Cases cited). The setting aside of a default by a trial court and the granting of a new trial will not ordinarily be disturbed on appeal when it is shown that the defendant apparently had a good defense, had honestly intended to present it and had justification for supposing that he had arranged for its presentation. (Case cited). * * *."

II. The foregoing authorities support the trial court's ruling and we would

ordinarily have little difficulty in affirming. However, the findings of fact by the court are inconsistent with the result reached and must be discussed. Such findings are binding on us if supported by substantial evidence. We will not interfere with the order setting aside the default unless the court's action constitutes an abuse of discretion. Handy v. Handy, (1959) 250 Iowa 879, 880, 96 N.W.2d 922.

The pertinent part of the order reads:

"The Court further finds that the handling of the original notice of this action by Mack Duke was out and out inexcusable negligence. Failure to complete set-up sheet originally was negligence. The mental note that he had forty days to appear, yet never again thought to check at any time to see if appearance was made, is additional neglect. * * *

"However, the Supreme Court, by its decision in Hobbs v. Martin Marietta Co., supra, seems to be saying named defendants will not be excused for negligence but due to the large size and work loads of insurance carriers a different rule applies and negligence will be excused.

"The Court does not find the insurance carrier's negligence to be 'gross neglect or willful procrastination'. Therefore, the defendant's motion to set aside the default judgment is sustained."

■ In light of what was said in Hobbs v. Martin Marietta Co., (1964) 257 Iowa 124, 131 N.W.2d 772, the record is not sufficient to support the finding of "out and out inexcusable negligence". The excusable neglect in Hobbs was loss of the original notice after the principal defendant had forwarded it to its insurance carrier. We noted the size of modern business organizations and the difficulties of handling mail as factors to be considered in determining whether the neglect was excusable or not. The case does not hold, as the trial court implies, that large organizations, including insurance companies, are entitled to special treatment. It does

recognize the problems of modern business as a legitimate factor in determination of the effect to be given to the inadvertent or negligent failure to handle the matter within the time allowed.

■ Viewed in this light the evidence here supports a finding of negligence or neglect but does not support a finding of inexcusable neglect. Stated otherwise, it supports the court's later refusal to find "gross neglect or willful procrastination". It also supports the ultimate action setting aside the default so trial could proceed on the merits. We therefore affirm the trial court's ruling.

III. In fairness we should note that due to the varying fact situations under which excusable neglect or inadvertence has been claimed, the results of the various cases do not always appear to be entirely consistent. But this is due in large part to the difficulty in carrying out both the spirit and the letter of a rule which is designed to relieve a litigant from the disastrous effect of what is often a relatively slight nonprejudicial omission. At the same time we have recognized the need for orderly and prompt procedures. Haynes v. Ruhoff, infra.

The trial courts have often afforded relief by setting aside the default. Usually this action has been sustained. Cogley v. Hy Vee Food Stores, Inc., (1965) 257 Iowa 1381, 137 N.W.2d 310 (reversed on other grounds); Davis v. Glade, (1965) 257 Iowa 540, 133 N.W.2d 683; Edgar v. Armored Carrier Corp., (1964) 256 Iowa 700, 128 N.W.2d 922; Handy v. Handy, (1959) 250 Iowa 879, 96 N.W.2d 922; Newell v. Tweed, (1949) 241 Iowa 90, 40 N.W.2d 20. In Hobbs v. Martin Marietta Co., supra, we reversed the trial court for failure to set aside the default.

Refusal to set aside the default has been sustained in Hallett Const. Co. v. Iowa State Hgwy. Comm., (1966) 258 Iowa 520, 139 N.W.2d 421; Gaynor v. Gaynor, (1955) 246 Iowa 1039, 70 N.W.2d 923; Svoboda v. Svoboda, (1953) 245 Iowa 111, 60 N.W.2d 859; Booth v. Central States Mut. Ins.

Assn., (1944) 235 Iowa 5, 15 N.W.2d 893. In two recent cases we reversed the order setting aside the default and reinstated the judgment. Insurance Co. of No. Amer. v. Sperry & Hutchison Co., (Iowa 1969) 168 N.W.2d 753; Haynes v. Ruhoff, (1968) 261 Iowa 1279, 157 N.W.2d 914. .

Our action affording relief does not allow defendants to default with impunity. We repeat what was said in Edgar v. Armored Carrier Corp., (1964) 256 Iowa 700, 707, 128 N.W.2d 922, 926:

" * * * No approval should be given to gross neglect or wilful procrastination; but under the circumstances shown here, when the defendant has acted promptly, and in good faith, intends to defend and shows a meritorious defense, and there has been no prejudice to the plaintiff and no delay of an expeditious trial, we hold that at least the trial court has discretion to set aside the default and judgment. Whether, if its action had been a refusal to cancel the judgment we would reverse we have no occasion to decide." We view this as the principle properly followed by the trial court and affirm.

■ IV. In affording relief under rule 236, R.C.P., we have consistently required at least a prima facie showing of meritorious defense. Hallett Constr. Co., v. Iowa State Hgwy. Comm., (1966) 258 Iowa 520, 530, 139 N.W.2d 421; Handy v. Handy, (1959) 250 Iowa 879, 884, 96 N.W.2d 922. In this case plaintiff relies on agency as a predicate for defendant's claimed responsibility. Defendant denies the agency claim and makes a prima facie case for this defense. This requirement for the operation of rule 236 has been met.

V. On February 10, 1970 defendant challenged jurisdiction of the parties by filing amendment to motion to set aside default and urges the matter here as a basis for upholding the trial court's ruling. This appears to have been an improper use of the rule 236, R.C.P., motion. Cf. Claeys v. Moldenschardt, (1967) 260 Iowa 36, 40, 41, 148 N.W.2d 479, (involving rule 252, R.C.P.). However, we need not decide the matter. The default is set aside on other grounds. Defendants filed both an appearance and an answer to the petition on January 5, 1970, the same date the rule 236 motion was filed. The trial court would now appear to have jurisdiction to proceed to the merits of the case. Rule 65, R.C.P.

Affirmed.

LARSON, STUART, RAWLINGS, REES and UHLENHOPP, JJ., concur.

LeGRAND, J., MOORE, C. J., and MASON, J., dissent.

LeGRAND, Justice (dissenting).

I must dissent from an opinion which reaches the most desirable result but for which there is no support in the record.

The question of course, is whether rule 236, Rules of Civil Procedure, allows the trial court to set aside a default judgment under the circumstances of this case. In my opinion the specific findings of the trial court—which are binding on us if supported by substantial evidence—make this impossible.

The trial court found defendant guilty of "out and out inexcusable negligence" in not only one, but two particulars. There is ample testimony to support such a finding, although the majority opinion holds otherwise. The majority so holds even though it also details Mr. Duke's conduct in failing "for some unexplained reason" to follow the usual office routine, as a result of which "he forgot the appearance date".

These facts make the decision to set aside the default directly at odds with rule

236. The majority seems to hold a litigant need be diligent only *after* he has found himself in default by reason of his own negligence. That isn't what the rule provides.

The trial court found defendant was negligent and that such negligence was *not* excusable. That should dispose of the case and the default should stand.

However, I do not believe the judgment entered by the trial court on damages is proper. Defendant should be given an opportunity to contest the proof of damages, even though foreclosed on the question of liability. I would remand for a hearing on damages only.

MOORE, C. J., and MASON, J., join in this dissent.