Robert F. WILKES, Appellee and Cross-Appellant,

v.

IOWA STATE HIGHWAY COMMISSION, Appellant.

No. 54486.

Supreme Court of Iowa.

May 5, 1971.

Richard C. Turner, Atty. Gen., James F. Petersen and Henry L. Holst, Special Asst. Attys. Gen. and Counsel to the Iowa State Highway Commission, J. F. Lundgren, Asst. Atty. Gen., Ames, and Paul D. Strand, of Strand & Anderson, Decorah, for appellant.

Miller, Pearson & Gloe, Decorah, for appellee and cross-appellant.

RAWLINGS, Justice.

Defendant condemnor appeals from denial of its post-procedendo petition for new trial. Plaintiff condemnee cross-appeals from overruling of his special appearance.

We affirm on defendant's appeal.

June 19, 1968, trial jury returned verdicts awarding condemnation damages to plaintiff.

June 27, 1968, defendant filed a new trial motion, sustained January 21, 1969.

Plaintiff thereupon appealed to this court.

November 12, 1969, we reversed and ordered reinstatement of the verdicts. Wilkes v. Iowa State Highway Commission, 172 N.W.2d 790 (Iowa).

December 16, 1969, procedendo accordingly issued.

Defendant then filed a second new trial motion premised upon alleged newly discovered evidence. Ia.R.Civ.P. 244(g). Trial court sustained plaintiff's motion to strike the foregoing.

December 24, 1969, trial court reinstated the verdict, subsequently changed to verdicts by nunc pro tunc order.

The same day defendant filed a petition for new trial, again alleging newly discovered evidence. Ia.R.Civ.P. 252–253.

December 30, 1969, by special appearance, plaintiff challenged jurisdiction of the court regarding defendant's new trial petition.

February 5, 1970, trial court overruled the aforesaid special appearance.

February 10, 1970, plaintiff filed resistance to defendant's new trial petition.

June 5, 1970, trial court denied defendant's Rule 252(f) new trial petition.

June 30, 1970, defendant appealed from that ruling.

July 2, 1970, plaintiff cross-appealed from the February 5th order overruling his special appearance.

In overruling defendant's application to reopen regarding its petition for new trial, for admission of an exhibit, the court stated: "As is pointed out by quotations from the record set forth in plaintiff's Brief in resistance to defendant's Petition for New Trial, plaintiff testified at the trial that he didn't believe it would be possible to operate his livestock sale business if he had *only* the leased area belonging to the railroad and not taken by the condemnation. The witness, Whitford, also testified to the same effect."

Defendant now argues, despite the foregoing, plaintiff has since enlarged his facilities and continued operation of the sales barn.

Testimony presented during hearing on the aforesaid petition for new trial and resistance thereto discloses plaintiff, (1) discontinued use of stock pens located on the leased condemned tract during the summer of 1968; (2) then reconstructed some pens on adjacent railroad right of way, absent any lease or permissive right; (3) about August 5, 1968, secured leave to use some nearby recently vacated Hormel owned pens; (4) about February 1, 1970, was ordered by the railroad company to vacate its "squatter" occupied property.

Error asserted by defendant appellant is, in essence, trial court erroneously denied its Rule 252 new trial petition because plaintiff is still in business, fully utilizing his personal property, and the jury verdict as to this personalty was the result of representations he would be out of business, all of which materially influenced the original verdict as to reduction in value of the personalty.

Plaintiff cross-appellant urges error in the overruling of his special appearance.

I. Ia.R.Civ.P. 242 provides: "A new trial is the reexamination in the same court of any issue of fact or part thereof, after a verdict, or master's report, or a decision of the court."

And Ia.R.Civ.P. 344(f) (3), states: "In ruling upon motions for new trial the trial court has a broad but not unlimited discretion in determining whether the verdict effectuates substantial justice between the parties."

With regard to this last quoted rule, we stated in Vojak v. Jensen, 161 N.W.2d 100, 105–106 (Iowa):

"The granting of a new trial is largely discretionary, and an order either granting or refusing one will be set aside only upon a clear showing of abuse of such discretion. 39 Am.Jur., New Trial, section 141, page 148; Rule 344(f), (3), and (4), Rules of Civil Procedure; Grant v. Thomas, 254 Iowa 581, 584, 118 N.W.2d 545, 547, 548; Coleman v. Brower Con-

struction Company, 254 Iowa 724, 731, 119 N.W.2d 256, 260; Smith v. Ullerich, supra, 259 Iowa 797, at page 807, 145 N.W.2d 1 at page 6; 35 A.L.R.2d, Annotations, 311. We are more reluctant to interfere with the granting of a new trial than with its refusal. Rule 344(f), (4), R.C.P.; Schneider v. Keokuk Gas Service Company, 250 Iowa 37, 42, 92 N.W.2d 439, 442; Hahn v. Graham, 256 Iowa 713, 722, 128 N.W.2d 886, 891."

■ It still remains, however, courts do not favor the granting of a new trial because of newly discovered evidence. Christy v. Heil, 255 Iowa 602, 614, 123 N.W.2d 408. See State v. Compiano, 261 Iowa 509, 516, 154 N.W.2d 845; Tedrow v. Fort Des Moines Community Services, Inc., 254 Iowa 193, 200, 117 N.W.2d 62.

II. Furthermore, "abuse of discretion" means no discretion to do what was done. Verdicts should not be set aside lightly and the court, in granting a new trial, must be sure there exists sufficient cause to support the exercise of such discretion. Every litigant is entitled to a fair trial, but only one. In re Estate of Springer, 252 Iowa 1220, 1236, 110 N.W.2d 380; Jacobsen v. Gamber, 249 Iowa 99, 101–102, 86 N.W.2d 147; Best v. Yerkes, 247 Iowa 800, 810, 77 N.W.2d 23. See also Perry v. Iowa State Highway Commission, 180 N.W.2d 417, 423 (Iowa). Cf. Cogley v. HyVee Food Stores, Inc., 257 Iowa 1381, 1385–1386, 137 N.W.2d 310.

Proceedings for the taking of plaintiff's property were initiated March 11, 1968. In course of the June 1968, jury trial, plaintiff voiced the aforesaid condemnation related business operation problem. This is the premise upon which defendant now advances its newly discovered evidence claim, i. e., plaintiff has since continued the uninterrupted operation of his sales barn.

■ III. Inceptionally it must be understood the term "newly discovered evidence" refers to facts existing at trial time of which the aggrieved party was then ex-

cusably ignorant. Brown v. Pennsylvania Railroad Company, 282 F.2d 522, 526–527 (3 Cir.); United States v. Bransen, 142 F.2d 232, 235 (9 Cir.); Butts v. Curtis Publishing Company, 242 F.Supp. 390, 392 (N.D.Ga.); Rogers v. Ogg, 101 Ariz. 161, 416 P.2d 594, 596–597; Cawood v. Cawood, 329 S.W.2d 569, 570–571 (Ky.).

Also, as stated in 66 C.J.S. New Trial § 101, at 294:

"In any but an extraordinary case in which an utter failure of justice will unequivocally result, evidence of facts not in existence at the time of trial, such as evidence which was not available at the time of the trial but rather was the result of changed conditions since the trial, is not generally regarded as constituting a ground for new trial because of newly discovered evidence, * * *."

See Rogers v. Ogg, supra; Petition of Monson, 180 Neb. 818, 146 N.W.2d 198, 201; State Road Commission v. Hereford, 151 W.Va. 526, 153 S.E.2d 501, 506; 39 Am.Jur., New Trial, § 175. Cf. Annot. 31 A.L.R.2d 1236.

The record before us discloses nothing more nor less than that plaintiff, (1) was damaged by the instant condemnation; (2) expressed an opinion during trial in June 1968, relative to a then anticipated adverse effect thereof on his extant business; (3) arranged a temporary non-permissive relocation of some livestock pens, and subsequently secured leave to use others located nearby; (4) thus continued the operation of his business.

■ Without question plaintiff was not required to effect substitute livestock pen arrangements as a matter of minimizing any damage resulting to him from the condemnation proceedings. See Wilson v. Fleming, 239 Iowa 718, 728–729, 31 N.W.2d 393.

■ Even if we were to assume, arguendo, plaintiff made an erroneous statement of fact in course of trial regarding the ef-

fect of condemnation on his sales barn operations, it is evident defendant here asserts inappropriate and ineffective newly developed not newly discovered evidence. See Johnson v. City of Waterloo, 140 Iowa 670, 673, 119 N.W. 70; States Exploration Company v. Reynolds, 344 P.2d 275, 281 (Okl.). Cf. Eller v. Paul Revere Life Ins. Co., 230 Iowa 1255, 1261–1263, 300 N.W. 535.

IV. Moreover, it appears defendant instantly seeks a retrial in order to present evidence having all the colorations of impeachment. See Simpson v. Bostwick, 248 Iowa 238, 249, 80 N.W.2d 339; Farmers Insurance Exchange v. Moores, 247 Iowa 1181, 1190, 78 N.W.2d 518; Anonymous v. Anonymous, 13 Misc.2d 718, 180 N.Y.S.2d 183, 187; 66 C.J.S. New Trial § 114; 39 Am.Jur., New Trial, § 167.

This it improperly proposes because there is little or no prospect of change in result since plaintiff was continuing in business at trial time and his condemnation damages were determinable as of the prior taking date. See Re Condemnation of Certain Land (Johnson County), 256 Iowa 43, 54, 126 N.W.2d 311; Crist v. Iowa State Highway Commission, 255 Iowa 615, 621, 123 N.W.2d 424; 26 Am.Jur.2d, Eminent Domain, § 152.

V. In light of the foregoing we are persuaded, and now hold, there was no reversible abuse of discretion by trial court in overruling defendant's petition for a new trial.

Authorities cited by defendant in support of its position have been considered but found to contain nothing which materially militates against the foregoing conclusion.

Having thus determined this appeal adverse to defendant there is no need to explore other brief points urged by it, or error asserted by plaintiff on cross-appeal.

Affirmed on defendant's appeal.

All Justices concur, except REYNOLDSON, J., who takes no part.